**JERRY SCOTT DRILLING COMPANY, INC., Appellant,**

v.

**J. Wendell SCOTT, C.W. Scott and Laura Susan Scott, Appellees.**

No. 60803.

Supreme Court of Oklahoma.

Oct. 10, 1989.

Steed, Gipson, Johnston, McMains & Parrish by Larry J. McMains, Seminole, for appellant.

Harbour, Leonard & Osborn by Cloyce Ray Osborn, Oklahoma City, for appellees.

LAVENDER, Justice:

The issue we decide in this case is whether the trial court order appealed from, one which confirmed a report of appraisers under the Oklahoma Surface Damage Act (52 O.S.Supp.1988, §§ 318.2–318.9), was a final order subject to immediate appeal to this Court. We have determined the order was interlocutory in nature rather than final and, thus, we dismiss the appeal of Appel-

lant as prematurely taken, as requested by Appellees.

Appellant, Jerry Scott Drilling Company, Inc., was the holder of an oil and gas leasehold interest covering property which included a ten (10) acre tract in which the surface was held by Appellees. Appellant filed a petition in the District Court of Seminole County against Appellee, J. Wendell Scott, alleging that it had negotiated with him regarding payment for surface damages in connection with proposed drilling operations on the property, but that they had been unable to reach an agreement.[1] Appellant's petition requested the appointment of appraisers pursuant to the Act.

Appraisers were appointed and instructed by the trial court. The appraisers returned a report finding the property had suffered or would suffer four thousand seven hundred dollars ($4,700.00) in permanent damage, and finding a total of five thousand dollars ($5,000.00) in damages.

Appellant and Appellee, J. Wendell Scott, timely filed exceptions to the report of the appraisers. Mr. Scott also filed a timely demand for jury trial pursuant to 52 O.S. Supp.1988, § 318.5(F). No jury trial has been held in the matter. Approximately eighty (80) days after the appraisers' report was filed Appellant moved the trial court to join Laura Susan Scott and C.W. Scott as additional parties defendant upon the allegation that they were necessary parties to a full and complete adjudication of the matter. This motion was granted by the trial court and Ms. Scott was served with process approximately three (3) months after the report of appraisers had been filed in the case. The summons in regard to C.W. Scott was returned unserved, with a notation that he was deceased. Two (2) weeks after Ms. Scott filed an answer and cross-petition in the case the trial court order confirming the report of the appraisers was filed in the case. On the same day the order was filed Appellant filed its petition in error in this Court. Appellees moved to dismiss the appeal as premature, primarily for the reason that because jury trial had been demanded and not held as to assessment of damages the order confirming the report of appraisers was not a final order subject to appeal. We agree as will be explained below.

■ 52 O.S.Supp.1988, § 318.6 provides in pertinent part as follows:

Any aggrieved party may appeal from the decision of the court on exceptions to the report of the appraisers or the verdict rendered upon jury trial. Such appeal shall not serve to delay the prosecution of the work on the premises in question if the award of the appraisers or jury has been deposited with the clerk for the use and benefit of the surface owner. In case of review or appeal, a certified copy of the final order or judgment shall be transmitted by the clerk to the appropriate county clerk to be filed and recorded.

Appellant attempts to rely on the first sentence of the above provision to argue that an appeal is appropriate from *either* a ruling on exceptions to the report of appraisers or the verdict of a jury, apparently regardless of whether or not a decision on exceptions is a final order. On the other hand Appellees argue that because a timely filed request for jury trial has been made the damages found by the appraisers, as confirmed by the trial court, are still subject to revision or redetermination by a jury. Thus, they assert the order confirming the report of appraisers is not final and

---

1. The record submitted herein appears to disclose that J. Wendell and Laura Susan Scott (father and daughter) held a remainder interest in the tract in joint tenancy and that C.W. Scott held a life estate. The record further appears to disclose that C.W. Scott died prior to being joined as a party. Laura Susan Scott was joined in the action, but only after the time had run under the Oklahoma Surface Damage Act for filing exceptions to the report of appraisers and for timely requesting a jury trial under 52 O.S. Supp.1988, § 318.5(F). Thirty (30) days are allowed from the filing of the report of appraisers to file exceptions to the report; Sixty (60) days to file a demand for jury trial. Thus, as far as the record here is concerned Laura Susan never had an opportunity to challenge the report of appraisers within the time limits set by the Act. Finally, although never named or joined as a party to this action the record seems to indicate that a J.C. Scott is the sole owner of one (1) acre of the tract involved.

the instant appeal premature. We believe the view of Appellant is incorrect and the Legislature never intended an appeal to lie from the ruling of a trial court on exceptions unless said order could be deemed to be a final order. Primarily because of the pendency of a demand for jury trial the order appealed from is not imbued with the attributes of finality such that it is subject to immediate appeal to this Court.

The primary canon of legislative interpretation is to discern the intent of the Legislature.[2] Although at first blush the initial sentence of § 318.6 would seem to allow an immediate appeal from any order ruling on exceptions to the report of appraisers read in context with the entire paragraph it becomes clear the provision quoted above was never intended to allow an appeal unless said order could be deemed a final order. As can be seen the last sentence quoted above when providing that the order or judgment in a surface damage act case be transmitted by the clerk of the district court to the appropriate county clerk to be filed and recorded speaks in terms of *"[T]he final order or judgment ...."* The reason, we believe, only the final order or judgment is to be filed and recorded with the county clerk is because that is when the litigation is at an end and generally only at such time is there a final appealable order or judgment subject to review in this Court.

Although the order of a trial court on exceptions may in certain instances be a final order subject to appeal, such as when no demand for jury trial has been made, when a timely demand for jury trial has in fact been filed the report of appraisers and a trial court order confirming it do not end the litigation. The appropriate amount of damages must still be fixed by a jury as allowed in the statutory scheme. Thus, in the normal situation where a jury assessment has been demanded, only where the jury has finally determined the amount of compensation will the case be in a posture for appeal to this Court.

The situation here is analogous to instances that have been presented in condemnation cases. In such cases we have essentially ruled that only where the right to condemn itself or the necessity of the taking has been properly challenged by exceptions to the report of commissioners would a trial court ruling on those exceptions be subject to immediate appeal to this Court.[3] In the instant case a similar situation would be where the validity of the lease granting the right to drill for oil and gas was challenged such that the very authority of the oil and gas drilling company to operate under it was called into question. Here the record nowhere discloses that any party has questioned the validity of Appellant's leasehold interest or its authority to commence drilling operations on the involved property, assuming all of the requirements of the Act have been met.

■ Although Appellant argues on appeal that it was neither constitutional nor consistent with legislative intent to apply the standard of liability contained in the Act and embodied in substance in the trial court's instructions to appraisers in a situation as here under a lease entered into prior to the effective date of the Act,[4] we do not believe such challenge is sufficient to transform the order appealed from into one immediately appealable to this Court in view of the pendency of an outstanding demand for jury trial. The overall arguments raised by Appellant go mainly to the proper standard of liability and/or the appropriate measure of damages and these issues may be the proper subject of appeal

2. *Ledbetter v. Oklahoma Alcoholic Beverage Enforcement Commission,* 764 P.2d 172, 179 (Okl. 1988).

3. *See Town of Ames v. Wybrant,* 203 Okl. 307, 220 P.2d 693, 695–696 (Okl.1950) (landowner entitled to challenge right to condemn and have that question determined prior to final determination of the award for compensation). *See also Board of County Commissioners of Creek County v. Casteel,* 522 P.2d 608, 611–612 (Okl.

1974) (landowner waived right to object to necessity of taking when no objection to report of commissioners filed within statutorily prescribed time).

4. Similar arguments concerning the constitutionality of the Act were considered and rejected in *Davis Oil Co. v. Cloud,* 766 P.2d 1347 (Okl. 1986).

after the jury has returned its verdict. We can discern no viable rationale for sanctioning an appeal as to them in advance of a jury determination when one has been demanded. To allow Appellant to appeal from the trial court order at issue here would not promote judicial economy and would entail this Court having to decide issues concerning the proper measure of compensation before the jury has reached a final determination on said issue. We do not believe the Legislature so intended nor do we believe our prior cases in the area of analogous condemnation law support such a result.

For the reasons specified above the appeal of Appellant is dismissed as premature.

All the Justices concur.