818 P.2d 1257 (1991)
G.C. RICHARDSON, Philip R. Phillips, and David D. Jensen and Helen Parry, Appellees,
v.
STATE of Oklahoma, ex rel., OKLAHOMA DEPARTMENT OF TRANSPORTATION, and Board of County, Commissioners of Washington County, State of Oklahoma, Appellants.
No. 74963.
Court of Appeals of Oklahoma, Division No. 3.
October 1, 1991.
John E. Rooney, Jr., Frank V. Cooper, Tulsa, for appellees.
Mark James Caywood, Cathy S. Hood, Oklahoma City, for appellants.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

OPINION
JONES, Judge:
The Oklahoma Department of Transportation ("ODOT") brings this appeal from the District Court's order denying exceptions and affirming the appraisal report of commissioners appointed by the Court pursuant to the State's eminent domain procedures. This Court has jurisdiction to review only a final order or judgment which affects substantial rights of the parties. Having reviewed the Appellate briefs, the Motion to Dismiss filed by the landowners, and the ODOT's objection to the dismissal, this Court finds it has not jurisdiction because the order appealed from was not a final order.
The Appellees are landowners in Washington County. They brought this suit in inverse condemnation on September 28, 1988. The landowners allege that ODOT's improper construction of two bridges over the Caney River caused the land to flood thus interferring with the use and enjoyment of the land and causing damage. Pursuant to the landowners' request, the District Court appointed three commissioners to assess damages. The commissioners submitted a report assessing the value of the property at $157,336.00. The ODOT filed exceptions to the report and demanded a jury trial. The exceptions were denied, but the jury trial was set for October 29, 1990.
The denial of the exceptions is the order appealed from. The Petitioner-in-Error was filed on February 12, 1990. It did not contain a copy of the order. As noted, a trial was scheduled subsequent to the appeal. On March 5, 1990, the landowners filed a Motion to Dismiss the Appeal which was denied by the Supreme Court without prejudice. After the appeal was filed, the *1258 trial date was re-set for January, 1991. On August 7, 1991, an Amended Petition in Error was filed along with a certified copy of the District Court's January 11, 1990 order file-stamped August 1, 1991. A second Motion to Dismiss was filed on August 22, 1991. We hereby grant the landowners' motion and dismiss the appeal.
This Court has jurisdiction only to reverse, vacate or modify a final order. 12 O.S. 1971 § 952(b)(1). A "final order" is defined as an order affecting a substantial right in an action, when such order determines the action and prevents a judgment. 12 O.S. 1971 § 953. The District Court's denial of ODOT's exceptions to the commissioners' report does not determine the action nor does it prevent a judgment because a trial has been scheduled to resolve the critical issues.
Under the laws of eminent domain, an order affirming the commissioners' report is a final order. However, this case is not an eminent domain proceeding. The power of eminent domain is a special proceeding created as a necessary attribute of sovereignty to facilitate the emergency acquisition of private property for public use. Further, statutory provisions do not authorize such takings but are merely limitations upon that right. Arthur v. Board of Commissioners of Choctaw County, 43 Okl. 174, 141 P. 1 (1914). The right to take private property for public use is delegated by the sovereign to the State, local municipalities, private persons or corporations authorized to exercise functions of public cbaracter, City of Pryor Creek v. Public Service Co. of Oklahoma, 536 P.2d 343 (Okl. 1975); the government, 27 O.S. § 1; railroads, and public service corporations, 66 O.S. 1961 § 51 et seq.; and the Department of Highways and its auxillary branches. 69 O.S. 1971 § 1203.
Because of the urgent necessity underlying condemnation proceedings, statutes defining the procedure are subject to fairly short time constraints. 69 O.S. 1971 § 1203(d). Further, the commissioners' award in an eminent domain proceeding must finally determine all the issues to meet these time constraints. In the vast majority of eminent domain cases, there is no issue whether a taking has occurred, but in an action for inverse condemnation, the issue of taking is critical. This is a fact question which must be tried to a jury. Because this case was brought in inverse condemnation, the ODOT must wait until the jury renders a verdict before filing an appeal. In both eminent domain proceedings and inverse condemnation cases, the commissioners' report is not admissible at trial. Oklahoma Turnpike Authority v. Daniel, 398 P.2d 515, 517 (Okl. 1965). It is therefore not necessary that commissioners be appointed in an action for inverse condemnation.
In an inverse condemnation action where the issues of taking and damages are pending trial, an order denying exceptions and affirming the award of the commissioners is not a final order and may not be the subject of an appeal.
APPEAL DISMISSED.
HANSEN, P.J., and HUNTER, C.J., concur.