2010 OK CIV APP 64

**STATE of Oklahoma ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellee,**

v.

**James R. TEAL, Jr., and Pamela Teal, Defendants/Appellants,**

and

**Delaware County Treasurer, Defendant.**

**No. 106,244.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 1, 2010.

Certiorari Denied June 7, 2010.

Barry K. Roberts, Norman, OK, for Plaintiff/Appellee.

K. Ellis Ritchie, Ryan M. Roberts, David F. Duvall, K. Ellis Ritchie, P.C., Pryor, OK, for Defendants/Appellants.

JANE P. WISEMAN, Chief Judge.

¶ 1 This appeal arises from the trial court's order denying Defendants' Exception to Report of Commissioners.  The issue before us is whether the trial court erred in instructing the Commissioners not to consider damages arising from the loss of access and parking in front of Defendants' property caused by a highway project's curb and gutter construction.  Having reviewed the record on appeal and applicable law, we dismiss for lack of appellate jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The Oklahoma Department of Transportation (ODOT) filed a petition to acquire an interest in certain real property in Delaware County for the purpose of "establishing, constructing and maintaining" a highway in front of property owned by James R. Teal, Jr.[1] and Pamela Teal (Defendants).  After their appointment and instruction by the trial court, the Commissioners filed their first report on May 8, 2006, assessing just compensation in the amount of $24,600.  Neither party filed an exception to this Commissioners' Report nor challenged the validity of the report or of the taking.  In May 2006, ODOT filed a demand for jury trial.

¶ 3 On September 25, 2007, ODOT filed a motion in limine requesting the trial court to "exclude at trial any and all testimony of the Defendant[s'] expert appraisal witness, Chris Rolland, regarding remainder/cost of cure damages" to Defendants' building as a result of their "loss of use of pre-existing highway right-of-way for access and parking."  ODOT argued Mr. Rolland's expert opinion is unreliable on this point because it is based on faulty evidence.  ODOT contended that at the time of his deposition, Mr. Rolland had not seen the easement ODOT acquired back in 1941 which gave it permission to use the property for highway purposes.

¶ 4 Even though Defendants have used the highway right-of-way as access for their property and for parking, ODOT argues, this use was "entirely dependent and contingent upon [ODOT's] use of said area for highway purposes."  Once ODOT decided to use the property for reconstruction of the highway per the 1941 easement, Defendants' use of the same property for access and parking was terminated.  ODOT contends that, as a result, Defendants' loss of use of the property is not compensable.  ODOT claimed that, because the loss complained of is not compensable, Defendants' expert should be prohibited from testifying that Defendants'

---

1.  The petition filed by ODOT lists James Teal's middle initial as "A."  In pleadings filed by defendants, James' middle initial is listed as "R."

building sustained a reduction in value from the "alleged loss of access and parking."

¶ 5 In response, Defendants argued the motion in limine should be denied because "the [e]ffects of the taking and project on access and parking are proper and admissible under *State of Oklahoma ex rel. Department of Highways v. Burden*, 1959 OK 60, 338 P.2d 154." Defendants argued their expert properly considered loss of access and parking in determining the impact the loss had on the value of their property.

¶ 6 After hearing both parties' arguments on ODOT's motion in limine, the trial court found a *Daubert* [2] hearing was necessary before ruling on the issue. At the conclusion of the *Daubert* hearing, the trial court held in part as follows:

> Again, in reviewing the—the Burden case, it is not apparent to the Court that the curbing in that particular case was built on the original right-of-way before this taking of the—the point there. And based on that, my conclusion is that the Highway Department certainly had every right, with the taking that they had from 1941, to do anything on that particular easement related to the highway. In other words, it's the opinion of this Court that if they had chosen to, they could have curbed the existing highway without even taking anything further.

The trial court also held that under *Daubert*, Mr. Rolland's opinion was unreliable:

> particularly since [he] is unable to tell the Court how much of his value relates to the building of that curbing and therefore the . . . loss of the access, the Court will prohibit him from testifying as to the value that he's arrived at where he cannot say how much of that was due to what was unreliable information or . . . an unreliable assumption that he's made in coming up with his appraisal.

¶ 7 On January 23, 2008, Defendants filed a motion requesting the trial court to certify its *Daubert* order for interlocutory appeal or alternatively reappoint the Commissioners to issue an amended report to conform with the trial court's motion in limine ruling.

¶ 8 ODOT objected to certifying the ruling for appeal arguing that motion in limine rulings are advisory, non-final orders, and therefore not appealable and further arguing that the ruling is not an interlocutory order certifiable under 12 O.S.2001 § 952. ODOT also denied that good cause existed for the Commissioners to reassess the property and file an amended report.

¶ 9 Although the trial court declined to certify the case for interlocutory appeal, it ordered the re-appointment of Commissioners with amended instructions. The Commissioners filed their Amended Report on March 18, 2008, assessing just compensation in the same amount as its first report, $24,600.

¶ 10 On April 14, 2008, Defendants filed an exception to the Amended Report of the Commissioners claiming the instructions given to the Commissioners relating to the curbing issues resulted in Defendants being denied their constitutional right of just compensation "for the [e]ffects of the curbing upon access and parking and resulting damages occasioned thereby."

¶ 11 On April 11, 2008, ODOT filed a demand for jury trial followed a week later by Defendants' demand for jury trial.

¶ 12 On August 4, 2008, the trial court entered an order denying Defendants' exception to the Amended Report of Commissioners. The trial court held in part:

> That based on all the evidence presented both in the hearing on Plaintiff's First Motion in Limine on September 27, 2007, and the evidence and arguments presented by counsel in the hearing . . . regarding Defendants' exception to the commissioners' award, the Court finds that Plaintiff's use of its pre-existing highway easement rights obtained in the easement dated April 21, 1941, was proper and will not result in any compensable damages to the Defendants resulting from loss of access and/or parking due to installation of curbing; that the commissioners were properly re-appointed and instructed to re-evaluate their estimate of just compensation based

**2.** *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

on the Court's September 21, 2007, ruling; and that the resulting Amended Report of Commissioners is proper; consequently, Defendants' Exception to Report of Commissioners should be denied.

Defendants appeal the trial court's ruling denying their exception to the Amended Report of Commissioners.

## STANDARD OF REVIEW

■ ¶ 13 The question presented is one of law which we review *de novo*. *K & H Well Serv., Inc. v. Tcina, Inc.*, 2002 OK 62, ¶ 9, 51 P.3d 1219, 1223. In a review *de novo*, the appellate court engages in a plenary, independent, and non-deferential examination of the trial court's legal rulings. *Weeks v. Cessna Aircraft Co.*, 1994 OK CIV APP 171, ¶ 5, 895 P.2d 731, 733 (approved for publication by the Oklahoma Supreme Court).

## ANALYSIS

¶ 14 Defendants filed this appeal after the trial court denied their exception to the Commissioners' Amended Report, citing 66 O.S. 2001 § 56 and Supreme Court Rule 1.20(a)(13), 12 O.S.2001, ch. 15, app. 1,[3] as authority for us to consider this appeal. "Title 66 O.S.2001 § 56 provides for an appeal from the district court regarding decisions on objections to the report of the commissioners." *Jones v. Ransom*, 2008 OK CIV APP 44, ¶ 10, 184 P.3d 561, 563; *see also* 69 O.S.2001 § 1203(f)("Either party aggrieved may appeal to the Supreme Court from the decision of the district court on exceptions to the report of commissioners....")

■ ¶ 15 "Pursuant to 12 O.S.2001 § 952(b)(1), an order adjudicating an exception challenging the right to condemn, *i.e.*, an issue regarding the taking of a property owner's interest, is appealable as a final order." *State of Oklahoma, ex rel. Dep't. of Transpor. v. Mehta*, 2008 OK CIV APP 25, ¶ 21, 180 P.3d 1214, 1219; *see also Jerry Scott Drilling Co. v. Scott*, 1989 OK 131, ¶ 9, 781

P.2d 826, 828. However, even though a trial court's order ruling on exceptions may be considered a final order in some instances, such as when no demand for a jury trial is made, when a timely demand has been made, the Commissioners' Report and a trial court's order confirming it do not end the lawsuit. *Scott*, 1989 OK 131 at ¶ 8, 781 P.2d at 828.

¶ 16 As explained in *Mehta*, "the trial court's denial of ODOT's exception challenging the Commissioners' Report which apportioned the compensation award in contravention to the 'unit rule' [was] not immediately appealable as a final order" when both parties demanded a jury trial "thereby bringing to issue just compensation and damages." *Mehta*, 2008 OK CIV APP 25 at ¶ 23, 180 P.3d at 1220.

■ ¶ 17 Before addressing the merits of the case, we must first determine whether this appeal is properly before us. We have appellate jurisdiction to review only final orders, certified interlocutory orders, and interlocutory orders appealable by right. *Smith v. Moore*, 2002 OK 49, ¶ 2, 50 P.3d 215, 216; 12 O.S.2001 § 952. In this case, none of the parties requested trial court certification of the order in question for interlocutory appeal. Furthermore, the trial court's order is not an interlocutory order appealable by right. 12 O.S.2001 § 993; Supreme Court Rule 1.60, 12 O.S.2001, ch. 15, app. 1.

■ ¶ 18 After reviewing the appellate record, we find the trial court's order denying Defendants' exception challenging the Commissioners' Amended Report is not immediately appealable as a final order. Defendants' challenge to the report is that the Commissioners did not consider damages arising from a loss of access and parking in front of Defendants' commercial building resulting from a highway project. As argued in their "Exception to Report of Commissioners":

3. The aforesaid instructions to the Commissioners as [it] relates to the curbing issues results in the Defendants being de-

---

3. This rule states in part as follows:
 (a) Judgment. A judgment is the final determination of the rights of the parties in an action.... The term "judgment" is synonymous with a final order for the purpose of these

rules. A judgment includes any decision appealable under the provisions of:
 ...
 (13) 66 O.S.1991 § 56 (condemnation appeals)....

nied any compensation for the [e]ffects of the curbing upon access and parking and resulting damages occasioned thereby.

4. Defendants allege that this is erroneous and not in accordance with existing law on "Just Compensation" and that they are entitled to be compensated for damages occasioned by the installation of curbing along the frontage of their property....

Defendants' issue on appeal centers on the appropriate measure of damages, and "these issues may be the proper subject of appeal after the jury has returned a verdict." *Scott,* 1989 OK 131 at ¶ 10, 781 P.2d at 828–29.

¶ 19 Both parties in this case filed a timely demand for jury trial after the Commissioners filed their Amended Report. We held in *Mehta:*

> When a timely demand for jury trial has been filed, the Commissioners' Report does not end the proceedings.... "The appropriate amount of damages must still be fixed by a jury as allowed in the statutory scheme. Thus, in the normal situation where a jury assessment has been demanded, only where the jury has finally determined the amount of compensation will the case be in a posture for appeal to this Court."

*Mehta,* 2008 OK CIV APP 25 at ¶ 23, 180 P.3d at 1220 (quoting *Scott,* 1989 OK 131 at ¶ 8, 781 P.2d at 828). Defendants' exception challenging the Amended Report also becomes "immaterial and moot upon the parties' demands for jury trial" because the Commissioners' award is no longer "relevant when superceded by the jury's verdict." *Id.* at ¶ 24, 180 P.3d at 1220; *see also Owens v. Oklahoma Tpk. Auth.,* 1954 OK 345, ¶ 10, 283 P.2d 827, 831. It should be noted that the Commissioners' report is not admissible as evidence at trial. *Richardson v. State ex rel. Oklahoma Dep't. of Transp.,* 1991 OK CIV APP 100, ¶ 6, 818 P.2d 1257, 1258.

¶ 20 For these reasons, the trial court's order denying Defendants' exception to the Commissioners' Amended Report is not a final order subject to immediate appellate review. Regardless of the correctness of the trial court's instructions to the Commissioners in determining just compensation, the Commissioners' Amended Report became immaterial on the issue of just compensation upon the parties' demands for jury trial because the Commissioners' award will be superceded by the jury's verdict. The order under review is not final but interlocutory in nature and is not properly before us, requiring us to dismiss this appeal for lack of jurisdiction.

## CONCLUSION

¶ 21 Both parties filed a demand for jury trial, and the issue of just compensation has been reserved for the jury's determination. This Court lacks jurisdiction to decide this appeal which we therefore dismiss.

¶ 22 **DISMISSED.**

FISCHER, P.J., and BARNES, J., concur.