2013 OK CIV APP 4

**CALYX ENERGY, LLC,**
Plaintiff/Appellee,

v.

**Mark HALL and Rachel Hall,**
Defendants/Appellants.

**No. 109,203.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

Dec. 4, 2012.

Sam T. Allen, IV, Loeffler, Allen & Ham, Sapulpa, Oklahoma, for Plaintiff/Appellee.

Stephen J. Capron, Capron & Edwards, PLLC, Tulsa, Oklahoma, for Defendants/Appellants.

JOHN F. FISCHER, Chief Judge.

¶1 Mark and Rachel Hall appeal three rulings of the district court, a January 3, 2011 order granting their motion for attorney fees, a January 31, 2011 order denying their motion for treble damages and a July 6, 2011 order denying their motion for additional attorney fees. We dismiss this appeal for lack of appellate jurisdiction because the orders appealed lack the finality required for appellate review.

## BACKGROUND

¶2 Calyx Energy, LLC, is the operator of an oil and gas well drilled on property owned by the Halls. This case was filed by Calyx pursuant to the Oklahoma Surface Damages Act, 52 O.S.2011 §§ 318.2 to 318.9. The Halls filed an answer and counterclaim alleging they were entitled to damages in addition to surface damages based on Calyx's failure to negotiate in good faith as required by section 318.9 of the Act, trespass and nuisance resulting from Calyx's operations. Subsequently, the Halls claimed they were also entitled to treble damages pursuant to section 318.9 of the Act because Calyx failed to post the location damage bond required by section 318.4 of the Act. Because it was unable to negotiate an agreement with the Halls, Calyx invoked the appraisal procedure authorized by section 318.5 of the Act for compensating the Halls for the damage to the surface of their property resulting from Calyx's drilling operations. Appraisers were appointed and filed a report determining the diminution in the value of the Halls' property resulting from Calyx's drilling operations to be $12,500. The Halls demanded a jury trial on the issue of surface damages pursuant to section 318.5(F): "Either party may ... file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury." The issue of surface damages only was tried to a jury in March 2010. The jury returned a verdict in favor of the Halls for $23,500, and the district court entered a judgment in favor of the Halls for that amount on June 16, 2010.

¶3 Because the surface damages judgment exceeded the appraisers' award, the Halls were entitled to a reasonable attorney fee. "If the party demanding the jury trial does not recover a more favorable verdict than the assessment award of the appraisers, all court costs including reasonable attorney fees shall be assessed against the party." 52 O.S.2011 § 318.5(F).[1] The district court granted the Halls' motion for attorney fees, although it awarded them only a portion of the fees they requested. The order granting that motion was filed January 3, 2011.

¶4 The Halls' request for treble damages, based on their contention that Calyx violated the Surface Damages Act by failing to post the location damage bond required by section

---

1. This provision has been interpreted to also permit a party who demands a jury trial and recovers a more favorable verdict than the appraisers' award to recover attorney fees and costs. *Andress v. Bowlby*, 1989 OK 78, 773 P.2d 1265. *Accord, Bays Exploration, Inc. v. Jones*, 2007 OK CIV APP 111, 172 P.3d 217.

318.4, was tried to the district court on January 4, 2011. Section 318.9 provides, in part: "Any operator who willfully and knowingly fails to keep posted the required bond ... shall pay, at the direction of the court, treble damages to the surface owner." The district court found that, although Calyx had not posted a location damage bond, it had not done so "willfully and knowingly" because it had in good faith confused the requirement for a "plugging bond," a requirement with which it had complied, with the requirement for the location damage bond. The district court's order denying the Halls' motion for treble damages was filed January 31, 2011. The Halls' petition in error appealing these two January 2011 orders regarding attorney fees and treble damages was filed February 22, 2011.

¶ 5 Subsequently, the Halls filed a motion for additional costs and attorney fees incurred after the entry of the January 3, 2011 attorney fee order. In that motion, the Halls sought attorney fees related to their unsuccessful attempt to obtain treble damages contending that the amount they recovered pursuant to the surface damages judgment, plus the amount they recovered in costs and attorney fees pursuant to the January 3 order, exceeded the amount of an offer of judgment made by Calyx pursuant to 12 O.S.2011 § 1101.1. The district court's order denying that motion was filed July 6, 2011. The Halls filed an amended petition in error on August 3, 2011.

## JURISDICTION

¶ 6 In its appellate submissions, Calyx argues this appeal should be dismissed because it is premature. Calyx bases this argument on the fact that the Halls' counterclaim for bad faith negotiations, nuisance and trespass remains pending. In each appeal, the appellate court is initially required to determine the existence of appellate jurisdiction. *Broadway Clinic v. Liberty Mut. Ins. Co.*, 2006 OK 29, ¶ 25, 139 P.3d 873; *Cray v. Deloitte Haskins & Sells*, 1996 OK 102, ¶ 7, 925 P.2d 60, 62. The determination of our

jurisdiction depends on the nature and relationship of the Halls' surface damages claim, their allegations that Calyx violated the Surface Damages Act, and their tort claim.

¶ 7 Actions pursuant to the Surface Damages Act "are not civil actions at law or suits in equity, but rather are special statutory proceedings for the purpose of ascertaining the compensation to be paid for the property to be appropriated." *Ward Petroleum Corp. v. Stewart*, 2003 OK 11, ¶ 7, 64 P.3d 1113, 1114. "Special proceedings may be distinguished from other civil actions by the manner of pleading, practice and procedure prescribed by the law." *Id.* In a surface damages case, neither an answer nor a counterclaim is permitted. *Id.* ¶ 8, 64 P.3d at 1115. "The legislatively prescribed procedures set forth in the Act authorize the filing of three pleadings: petition seeking the appointment of appraisers, objection to the report of appraisers, and demand for jury trial." *Id.* Nonetheless, the Supreme Court has authorized a surface owner to "file a related tort claim in the same case in which a party has initiated a proceeding under the Surface Damages Act." *Id.* ¶ 11, 64 P.3d at 1115.[2] However, the "related tort claim may only be asserted in the same case by a petition." *Id.* n. 3.

¶ 8 The Halls chose to join their tort claim for nuisance and trespass in the surface damage action filed by Calyx by filing an answer and counterclaim. The propriety of the Halls' filings is not an issue in this appeal. The Halls included in their counterclaim as Count I, an allegation that Calyx violated section 318.9 of the Act by failing to negotiate in good faith. Subsequently, the Halls alleged that Calyx also violated the Surface Damages Act by failing to post the location damages bond. The pretrial order provided, over the objection of the Halls, that only the surface damages issue would be tried to the jury. After the surface damages judgment was entered, the location damages bond issue was tried to the district court. As stated, that proceeding resulted in an order denying the Halls' motion for treble damages. The

---

**2.** This procedural mechanism for joining a tort claim in a condemnation-type proceeding appears to be limited to actions filed pursuant to the Surface Damages Act. *State ex rel. Bd. of Regents v. McCloskey Bros., Inc.*, 2009 OK 90, n. 25, 227 P.3d 133, n. 25.

tort claim and the alleged violation of section 318.9 for failure to negotiate in good faith remain pending and have not been resolved.

¶ 9 The issues that have been resolved are the amount of surface damages, the failure to post the location damages bond and the two attorney fee motions. The district court's judgment on the jury's surface damages verdict was entered on June 16, 2010. That judgment, however, provided that it was "entered without prejudice to any party's right to make application for costs, attorneys' fees, interest, claims for an offset of the judgment amount, treble damages, or tort causes of action." Section 318.6 specifically provides for an appeal of the surface damages judgment: "Any aggrieved party may appeal from the decision of the court on exceptions to the report of the appraisers or the verdict rendered upon jury trial." Neither party has yet appealed the June 2010 surface damage judgment. The Halls have appealed the treble damages and attorney fee orders.

### I. The Treble Damages Order

¶ 10 In the appeal of the district court's order denying their request for treble damages for failure to post the location damage bond, the Halls rely on section 318.9. That section provides, in part:

Upon presentation of clear, cogent and convincing evidence that the operator willfully and knowingly entered upon the premises for the purpose of commencing the drilling of a well before giving notice of such entry or without the agreement of the surface owner, the court may, in a separate action, award treble damages. The issue of noncompliance shall be a fact question, determinable without jury, and a de novo issue in the event of appeal.

Any operator who willfully and knowingly fails to keep posted the required bond or who fails to notify the surface owner, prior to entering, or fails to come to an agreement and does not ask the court for appraisers, shall pay, at the direction of the court, treble damages to the surface owner.

As stated in the first paragraph of this statute, the Halls' allegation Calyx failed to negotiate in good faith must be tried in a separate action without a jury. That proceeding has not been conducted as of the time of filing of this appeal. The Halls' allegation that Calyx failed to post the location damages bond was tried in a separate proceeding pursuant to the second paragraph of section 318.9.

¶ 11 Although section 318.9 requires a separate, non-jury trial of alleged violations of the Act, it does not address the timing of that decision or how those issues can be raised. Further, we find no railroad condemnation cases addressing this issue. "The trial [of surface damages actions] shall be conducted and judgment entered in the same manner as railroad condemnation actions tried in the court." 52 O.S.2011 § 318.5(F). *See Ward Petroleum*, 2003 OK 11, ¶ 7, 64 P.3d at 1114 (finding it appropriate to look to condemnation law for guidance). *Ward* clearly limits the pleadings that may be filed in a Surface Damages Act case to the petition, objection and demand for jury trial. We find no case holding that an alleged violation of the Surface Damages Act may or may not be raised in one of these pleadings. *Cf. State ex rel. Dep't of Transp. v. Sissom*, 2009 OK 40, 236 P.3d 49 (demand for jury trial may be made in landowner's application to withdraw funds deposited by the condemnor).

¶ 12 The Supreme Court has determined that a decision of the district court on exceptions to the report of the appraisers "may in certain instances be a final order subject to appeal." *Jerry Scott Drilling Co., Inc. v. Scott*, 1989 OK 131, ¶ 8, 781 P.2d 826, 828. That order is not a final order, however, if one of the parties has demanded a jury trial. *Id.* In this case, the Halls demanded a jury trial, and the amount of surface damages has been determined. However, the Supreme Court has stated that the location damages bond issue can be raised by motion filed after the entry of the surface damages judgment. *See Tower Oil & Gas Co., Inc. v. Harmon*, 1989 OK 127, 782 P.2d 1355. In this case, it appears that the location damages bond issue was first raised in the Halls' trial brief. The pretrial order limited the surface damages trial to the diminution in value of the Halls' property and properly excluded the determi-

nation of the alleged location damages bond issue, reserving that and all other issues for later determination. Regardless of how the issue was raised, the location damages bond issue was decided by the district court in its January 31, 2011 order. However, that issue was not decided until after the surface damages judgment was entered, and the order refusing to award treble damages was filed separately and after entry of the surface damages judgment.

¶ 13 As to its appealability, the January 31, 2011 order denying the Halls' request for treble damages is not a judgment appealable pursuant to section 12 O.S.2011 § 952(a). "A judgment is the final determination of the rights of the parties in an action." 12 O.S.2011 § 681. As previously stated, even after trial of the location damages bond issue, substantive issues between these parties remain to be litigated. Nonetheless, this Court also has jurisdiction to decide appeals from final orders, 12 O.S.2011 § 952(b)(1), and final orders resolving fewer than all claims of all the parties in an action when the district court determines that there is no just reason for delay in the entry of the final order and directs the filing of that order. *See* 12 O.S.2011 § 994(A). Therefore, the appealability of the treble damages order depends in the first instance on whether it is "an order affecting a substantial right, made in a special proceeding." 12 O.S.2011 § 953 (defining final orders appealable pursuant to section 952(b)(1)). In *Tower Oil & Gas Company, Inc. v. Harmon*, 1989 OK 127, 782 P.2d 1355, the Supreme Court decided the merits of an appeal of an order determining liability for treble damages entered after a surface damages judgment. The specific jurisdictional basis for the appealability of that order was not an issue in *Harmon*. We are required to consider that issue in this case, and we hold that the order denying the Halls' request for treble damages is a final order and that an appeal of such orders is specifically authorized pursuant to section 318.9 of the Act and 12 O.S.2011 § 952(b)(1).

¶ 14 Although we conclude that the January 31 order is a final order, that determination does not resolve its appealability at this point in the litigation. Further, we find no

case previously deciding that issue in this State. Related issues were decided in *Ward Petroleum*, which clearly holds that the determination of surface damages is a special proceeding to be conducted on a "distinct procedural [track]" from any related tort claim. *Ward Petroleum*, 2003 OK 11, ¶ 11, 64 P.3d at 1115. What *Ward* does not resolve is whether the surface damages issue is a separate claim or is but one statement of a claim arising from the same transaction or occurrence that gave rise to the Halls' tort claim. Further, *Ward* does not address whether treble damages for a violation of the Act, although required to be tried separately from the surface damages issue, are to be included in the surface damages judgment or awarded separately. As to this issue, the relevant procedural history of this case is indistinguishable from *Harmon*, with one exception. Not all of the issues in this case have been resolved. As a result, we find that *Harmon* is not controlling with respect to the jurisdictional issue in this case.

¶ 15 Whether the surface damages claim is a claim separate from a related tort claim or part of one claim arising out of the same transaction or occurrence, we hold that alleged violations of the Surface Damages Act are part of the statutory remedy provided by the Act to landowners for damage to the surface of their property resulting from oil and gas drilling operations. Therefore, a judgment on a jury's surface damages verdict cannot be entered until all alleged violations of the Act have been resolved. To hold otherwise would authorize a separate appeal from the surface damages decision and the decision of as many different violations of the Act as a landowner might allege. It would also require the entry of a judgment for the amount of the verdict and a separate judgment trebling that amount, but awarding only two-thirds of the total because one-third had already been awarded in the previous judgment. We find no support in any prior Supreme Court decision for this multiple-appeal approach. *Cf. Williams v. Mulvihill*, 1993 OK 5, ¶ 11, 846 P.2d 1097, 1104 (observing the "absurdity" in permitting a party to appeal from an interlocutory order and the terminal decision in a probate proceeding).

¶ 16 Further, we do not find that this approach would frustrate the purpose of the Act. "The purpose of the Surface Damages Act is to promote the prompt payment of compensation of a surface owner whose land is taken for oil and gas exploration." *YDF, Inc. v. Schlumar, Inc.*, 2006 OK 32, ¶ 10, 136 P.3d 656, 659. As in railroad condemnation cases, when possession is taken of property for oil and gas drilling operations, "the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of said compensation." 66 O.S.2011 § 54. *Cf. Board of County Comm'rs of Creek County v. Casteel*, 1974 OK 31, 522 P.2d 608 (amount deposited by condemnor may be immediately withdrawn despite demand for jury trial).

¶ 17 This is consistent with the approach followed in *Jones v. Tubbs*, 1993 OK 118, 860 P.2d 234, in which an appeal of an order determining liability and fixing damages was dismissed because the district court had reserved the issue of punitive damages for future determination. Consequently, the order did not determine the action, was not final, and therefore was not appealable. In reaching its conclusion, the *Jones* Court distinguished *Mann v. State Farm Mutual Automobile Insurance Company*, 1983 OK 84, 669 P.2d 768. *Mann* permitted an appeal from a judgment on a homeowner's breach of insurance contract claim although the homeowner's bad faith breach of the insurance contract claim remained pending. *Mann* recognized that Oklahoma has adopted the general rule that a claim or cause of action includes all theories of recovery or types of damages arising from one transaction or occurrence, and that in general an appeal does not lie from an order determining a breach of insurance contract claim when a bad faith tort claim has yet to be decided. Nonetheless, *Mann* held that in some cases an appeal from an interlocutory summary adjudication could be treated as final, and therefore appealable. *Mann* supports the conclusion that a surface damages judgment may be appealed even though a related tort claim remains pending. It does not, however, support the proposition that one may separately appeal

the rulings on a landowner's various claims for damages pursuant to the Surface Damages Act, and *Jones* specifically prohibits that approach. Although neither *Jones* nor *Mann* involved a special proceeding, we find those cases instructive as to the jurisdictional issue in this appeal.

¶ 18 Consequently, although the order denying treble damages on the location damages bond issue is a final order, we find no provision in the Surface Damages Act directing the manner in which that order must be appealed. Section 318.9 provides only that decisions on treble damages will be reviewed *de novo* if appealed. Further, we find no statute in the Surface Damages Act similar to section 721(10) of the Probate Code at issue in *Williams v. Mulvihill*, 1993 OK 5, 846 P.2d 1097, which specifically authorizes an appeal from a mid-probate judgment prior to entry of the final decree of distribution. Absent any special appellate statute, we conclude that the order must be appealed as in other cases. *See Wrightsman v. Southwestern Natural Gas Co.*, 1935 OK 724, 46 P.2d 925 (holding that a final order in a condemnation proceeding was appealable pursuant to what is now 12 O.S.2011 § 952, and holding the general statutes governing appeals are supplemental to the statute authorizing an appeal in condemnation cases).

¶ 19 We reiterate that the January 31 location damages bond/treble damages order did not resolve all of the issues in this case, let alone all of the issues in the Halls' Surface Damages Act claim. The Halls' claim for treble damages for failure to negotiate in good faith pursuant to section 318.9 remains pending.

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment, decree, or final order as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment, decree, or final order. In the absence of

such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.

12 O.S.2011 § 994(A). There is no "just reason" determination in this record and no direction by the district court that the January 31 order be filed pursuant to section 994(A). Further, that order adjudicated fewer than all the rights and liabilities of these parties.

[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.

*Id.* We find no basis on which the Halls may appeal the January 31 order at this stage of the proceedings.[3]

¶ 20 Further, this is not a case in which the jurisdictional defect can be cured by the subsequent filing of the determination and direction required by section 994(A). The district court did not direct the filing of the order on the surface damages award or any of the orders appealed as a final judgment or final order because it could not have done so.

A judgment is unsuitable for § 994 certification when the court disposes of but a portion of the contest by leaving unresolved any issue on the merits of the partly-decided claim. Nor can the trial court advance an order if the unadjudicated claim(s) arise from the same transaction or occurrence as the adjudicated claim—i.e.

the trial court must have adjudicated some legally severable claim which was completely decided.

*Oklahoma City Urban Renewal Auth. v. City of Oklahoma City,* 2005 OK 2, ¶ 11, 110 P.3d 550, 557. Because the Halls' other claim for treble damages arises out of the same transaction as their location damages bond claim but has not been resolved, the procedure in section 994(A) is not available. Accordingly, the Halls' appeal of the January 31, 2011, order is dismissed.

¶ 21 Because we conclude that the January 31 order is subject to the normal appellate procedure provided in section 994, we are not required to resolve the first question left unresolved by *Ward,* i.e., whether the Halls' Surface Damages Act claim is a separate claim or merely one statement of the claim arising from the same transaction or occurrence that gave rise to the Hall's tort claim.

## II. The Attorney Fee Orders

■ ¶ 22 Based on the surface damages award, the Halls were entitled to attorney fees pursuant to section 318.5. The order granting attorney fees was filed January 3, 2011. The order denying their request for additional attorney fees was filed July 6, 2011. Ordinarily, an order awarding or denying attorney fees in a special proceeding is an appealable order. 12 O.S.2011 § 953 ("[A]n order affecting a substantial right, made in a special proceeding ... is a final order, which may be vacated, modified or reversed, as provided in this article."). *See also State ex rel. Dep't of Transp. v. Norman Indus. Dev. Corp.,* 2001 OK 72, 41 P.3d 960 (reversing the award of incentive fees because the statute authorized only fees actually incurred); *Boston Ave. Mgmt., Inc. v. Associated Res., Inc.,* 2007 OK 5, 152 P.3d 880 (affirming the denial of attorney fees); Okla. Sup.Ct. R. 1.20(b)(6), 12 O.S.2011 ch. 1, app. (defining "a post-judgment order which grants or denies attorney fees, costs or interest" as a final, and therefore appealable, order).

¶ 23 However, as discussed, the surface damages award on which the attorney fee orders were predicated did not resolve all of

---

3. Although there may be circumstances in which an order determining violations of the Act may be independently appealable, such as where there is no objection to the report of the appraisers and no demand for jury trial, those facts are not present in this case.

the issues in this case. Further, the district court did not direct the filing of the attorney fee orders pursuant to section 994(A) after finding no just reason for delay. Consequently, the two attorney fee orders are "subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk." 12 O.S.2011 § 994(A). Therefore, the attorney fee orders, at this stage of the proceedings, are not appealable. The appeal of those orders is also dismissed.

## CONCLUSION

¶ 24 The orders that are the subject of the Halls' appeal are not appealable orders over which this Court has jurisdiction. This appeal is dismissed.[4]

¶ 25 **APPEAL DISMISSED.**

BARNES, P.J., and WISEMAN, J., concur.

---

4. Calyx filed a cross-petition in error, "in the event the Court finds the Order for attorney fees has been properly appealed." The cross-petition raises two issues. We have addressed the first, i.e., Calyx's argument regarding the appealability of the orders in light of 12 O.S.2011 § 994. Because the January 3, 2011 order for attorney fees is not appealable at this time, we do not address Calyx's argument regarding the timeliness of the appeal of that order. For that same reason, we do not address any of the other substantive arguments raised by Calyx in its Response Brief.