2006 OK 32

**YDF, INC., an Oklahoma corporation, Plaintiff/Petitioner,**

v.

**SCHLUMAR, INC, d/b/a Semco Homes, Defendant/Respondent.**

No. 102,628.

Supreme Court of Oklahoma.

May 16, 2006.

Shawn J. Roberts, Craig E. Brown, Brown and Roberts, P.C., Oklahoma City, OK, for Plaintiff/Petitioner.

John A. Bass, Joseph P. Weaver, Bass Law Firm, El Reno, OK, for Defendant/Respondent.

HARGRAVE, J.

¶ 1 YDF, Inc., is the operator of an active oil and gas well. Schlumar, Inc., is the owner of property located in Canadian County, that is adjacent to the property on which YDF's oil and gas well is located. The subdivision in which Schlumar's property is located was platted in 2001 for residential development. Effective July 1, 2003, the legislature enacted 52 O.S. § 318.10. This statute provides that after the effective date of the act, it shall be unlawful to locate any habitable structure within a radius of 125 feet from the wellbore of an active well.

¶ 2 In 2004, Schlumar, a builder, purchased property adjacent to YDF's oil well. In November 2004, Schlumar began constructing a home (a habitable structure) on his property. This structure happens to be within 125 feet of YDF's oil well. In April of 2005, YDF informed Schlumar, by letter, that it was unlawful to erect a habitable structure within 125 feet of the oil well pursuant to 52 O.S. § 318.10, and that Schlumar was in violation of that statute.

¶ 3 YDF then commenced the present suit in District Court seeking a declaration that Schlumar was in violation of 52 O.S. § 318.10, an injunction against completion of the house, and damages for negligence and negligence per se. Schlumar counterclaimed, alleging slander of title. Schlumar then filed a motion for summary judgment on plaintiff's declaration theory, contending that, as a matter of law, 52 O.S. § 318.10 did not apply to him as an adjacent landowner, even if the house was constructed within 125 feet of the wellbore, as 52 O.S. § 318.10 is part of the Oklahoma Surface Damages act, 52 O.S. § 318.2 et seq., and thus applies only to surface owners and not to adjacent landowners.

¶ 4 On September 6, 2005, the trial judge signed and filed an order determining that 52 O.S. § 318.10 did not apply to this adjacent landowner and, thus, YDF was not entitled to a declaration in its favor. That order was certified for immediate review as a certified interlocutory order.

¶ 5 The issues presented by this matter are whether 52 O.S. § 318.10 applies to adjacent landowners and whether, if it does apply, it constitutes an unconstitutional taking of private property, prohibited by Art. 2 § 23 of the Oklahoma Constitution. We hold that 52 O.S. § 318.10 is in fact part of the Oklahoma Surface Damages Act, and as such, applies only to surface owners and not adjacent landowners. The standard of review is de novo. Booth v. McKnight, 2003 OK 49, 70 P.3d 855, 860.

¶ 6 The fundamental rule of statutory construction is to ascertain and give effect to legislative intent, and that intent is first sought in the language of the statute. World Publishing Co. v. Miller, 2001 OK 49 ¶ 79, 32 P.3d 829, 832. When legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity, we must apply rules of statutory construction. The test for ambiguity in a statute is whether the statutory language is susceptible to more than one reasonable interpretation. In the Matter of J.L.M., 2005 OK 15 ¶ 5, 109 P.3d 336. Whether language is ambiguous is a question of law. American Economy Ins. Co. v. Bogdahn, 2004 OK 9 ¶ 11, 89 P.3d 1051, 1054. In construing ambiguous statutory language, we do not limit ourselves to the consideration of a single word or phrase. Rather, we look to the various provisions of the relevant legislative scheme to ascertain and give effect to the legislative intent and the public policy underlying that intent. World Publishing Co. v. Miller, 2001 OK 49 ¶ 79, 32 P.3d 829, 832.

¶ 7 In the present matter, the statute in question, 52 O.S. Supp.2003 § 318.10 provides:

A.  After the effective date of this act, it shall be unlawful to locate any habitable structure within:

1.  A radius of one hundred twenty-five (125) feet from the wellbore of an active well; or

2.  A radius of fifty (50) feet from the center of any surface equipment or other equipment necessary for the operation of an active well, including, but not limited to, hydrocarbon and brine storage vessels, tanks, compressors, heaters, separators, dehydrators, or any other related equipment.

B.  Provided, however, the provisions of this section shall not prohibit an operator and surface owner from agreeing in writing to setback provisions with distances different from those set forth in this section.

¶ 8 The Oklahoma Surface Damages Act is codified at 52 O.S. § 318.1 et seq. Title 52 § 318.2 sets forth the definitions to be used in the act. It provides:

For purposes of Section 1 through 8 of this act:

1.  "Operator" means a mineral owner or lessee who is engaged in drilling or preparing to drill for oil or gas; and

2   "Surface owner" means the owner or owners of record of the surface of the property on which the drilling operation is to occur.

¶ 9 This statute was passed in 1982. The statute in question in the case at bar was passed in 2003 and was placed numerically with the Oklahoma Surface Damages Act. To interpret § 318.10 it is necessary to turn to the definition section of the Surface Damages Act to define "operator" and "surface owner." The addition of 52 O.S. Supp.2003 § 318.10 appears to not have been by mere happenstance or coincidence as YDF alleges, but rather the intent of the legislature was to create an addendum to the Act.

¶ 10 The purpose of the Surface Damages Act is to promote the prompt payment of compensation of a surface owner whose land is taken for oil and gas exploration. The Oklahoma Legislature enacted the Surface Damages Act to provide a mechanism to balance the conflicting interests of the owners of two of our State's most important resources; the mineral interest owner and the surface owner. *Ward Petroleum Corp. v. Stewart*, 2003 OK 11 ¶ 5, 64 P.3d 1113, 1115. The Surface Damages Act states Oklahoma's policy regarding damage of land caused by oil and gas drilling operation while balancing the interests of oil and gas operators with those of surface owners. *Schneberger v. Apache Corp.* 1994 OK 117, 890 P.2d 847, 853.

¶ 11 In the present matter, Schlumar does not now and has never owned the separate tract of land on which the well is located. Schlumar is not the "surface owner" of the land on which the well sits and therefore the Surface Damages Act does not apply to his land. Having found that 52 O.S. Supp.2003 § 318.10 is part of the Oklahoma Surface Damages Act, this Court has fully disposed of all pertinent questions at bar and we therefore find that the trial court's granting of summary judgment was correct and proper.

**CERTIORARI PREVIOUSLY GRANTED; ORDER OF THE TRIAL COURT AFFIRMED.**

¶ 12 CONCUR: WATT, C.J., LAVENDER, HARGRAVE, KAUGER, EDMONDSON, JJ.

¶ 13 DISSENT: WINCHESTER (joins TAYLOR, J.), V.C.J., OPALA (joins TAYLOR, J.), TAYLOR (by separate writing), COLBERT (joins TAYLOR, J.), JJ.

TAYLOR, J., with whom WINCHESTER, V.C.J., and OPALA and COLBERT, JJ., join, dissenting:

¶ 1 Today's opinion concludes that 52 O.S.Supp.2003, § 318.10 is part of the Oklahoma Surface Damages Act, 52 O.S.2001, §§ 318.2–318.9. These are two separate pieces of legislation that relate to different subjects and serve different purposes, and the Legislature has not expressed an intent that § 318.10 is to be treated as a part of the surface damages regime. Accordingly, I must respectfully dissent.

¶2 The Oklahoma Surface Damages Act, enacted in 1982,[1] attempted to guarantee that the development of the oil and gas industry did not become an expense of the land owner. *Davis Oil Co. v. Cloud*, 1986 OK 73, ¶16, 766 P.2d 1347, 1351. The Act modified the common law rule that the oil and gas operator is not liable for surface damage caused by reasonable use. *Id.* at ¶10, 766 P.2d at 1349. It prescribed a judicial procedure[2] for determining actual damages to the surface of the land without regard to the reasonableness of the use. *Id.* at ¶16, 766 P.2d at 1351. "The general purpose of the Act, as we recognized in *Davis*, was an effort to balance the conflicting interests of the owners of two of our State's important natural resources; the mineral interest holder on the one hand and the land owner on the other." *Houck v. Hold Oil Corp.*, 1993 OK 166, ¶17, 867 P.2d 451, 457.

¶3 The statute in question, 52 O.S.Supp. 2003, § 318.10,[3] **is not concerned with surface damages** caused by drilling or operating an oil or gas well. It deals with the location of a habitable structure in relation to the location of an active oil or gas well and oil and gas field equipment. It prohibits the location of a habitable structure—a structure suitable to be occupied by a person—within 125 feet of the wellbore of an active oil or gas well and 50 feet of oil and gas field equipment. The obvious purpose of this prohibition is the **welfare and safety of the public.**

¶4 Here, a residential builder, Schlumar, Inc., is building a new residential structure on land adjacent to a parcel where an active oil well is located. The building site is less than 125 feet from the active oil well. The operator of the well filed this action alleging the builder is violating § 318.10. The parties dispute the meaning of "surface owner" in § 318.10. If § 318.10 is treated as a part of the Oklahoma Surface Damages Act, then the builder clearly does not fall within the Act's definition of "surface owner"[4] and the operator is not entitled to relief.

¶5 A cardinal rule of statutory construction is to ascertain and give effect to the Legislature's intent and purpose as gleaned from the statute. *Strong v. Laubach*, 2004 OK 21, ¶9, 89 P.3d 1066, 1070. The majority opinion finds legislative intent to enact § 318.10 as an "addendum to the Act" from the fact that § 318.10 is "placed numerically with the Oklahoma Surface Damages Act." Until today, we have not turned to the section number selected for codification purposes to ascertain legislative intent. The section number for codification, which may be assigned by the publisher of our codified statutes,[5] is not substantive law and it should not be used as a guide to implied legislative intent.

¶6 I do not view § 318.10 as an addition or amendment to the Oklahoma Surface Damages Act. The Oklahoma Surface Damages Act, as originally enacted, consisted of eight substantive sections codified at § 318.2

1. 1982 Okla. Sess. Laws, ch. 341, codified at 52 O.S.Supp.1982, §§ 318.2–318.9.

2. Even though surface damages may be recovered through the Act's special proceedings, a surface owner may also recover damages in any related tort claims. *Ward Petroleum Corp. v. Stewart*, 2003 OK 11, ¶11, 64 P.3d 1113, 1116.

3. 52 O.S.Supp.2003, § 318.10 reads:

   A. After the effective date of this act, it shall be unlawful to locate any habitable structure within:
   1. A radius of one hundred twenty-five (125) feet from the wellbore of an active well; or
   2. A radius of fifty (50) feet from the center of any surface equipment or other equipment necessary for the operation of an active well, including, but not limited to, hydrocarbon and brine storage vessels, tanks, compressors, heat-ers, separators, dehydrators, or any other related equipment.
   B. Provided, however, the provisions of this section shall not prohibit an operator and surface owner from agreeing in writing to setback provisions with distances different from those set forth in this section.

4. 52 O.S.2001, § 318.2 defines "surface owner" as the record owner of the surface upon which the drilling operation is to occur.

5. For years the Legislature has authorized the publisher of our codified statutes to select any section number to avoid duplication. The standard language used by the Legislature in directing codification of § 318.10 is: "A new section of law to be codified in the Oklahoma Statutes at Section 318.10 of Title 52, unless there is created a duplication in numbering." 2003 Okla. Sess. Laws, ch. 361, § 1.

through § 318.9. The Legislature could have expressed its intent to add a new section of law to the Act. It did not. As the majority opinion recognizes, § 318.2 defines "operator" and "surface owner" expressly for purposes of sections 318.2 through 318.9. The Legislature could have easily referenced the definitions in § 318.2 in drafting § 318.10. It did not.

¶ 7 The Legislature enacted § 318.10 in a measure, H.B. 1569 of the First Regular Session of the Forty–Ninth Oklahoma Legislature,[6] containing a single substantive section. That substantive section, codified at 52 O.S.Supp.2003, § 318.10, has nothing to do with surface damages and the common law. It concerns the location of habitable structures. It protects persons and families from potential harm that may be caused by active oil and gas wells in close proximity to their dwellings. It preserves the welfare and safety of the public where a builder has knowledge of the location of active well in relation to new residential dwelling but the buying public does not.

¶ 8 Were I writing for the Court, I would not utilize the section number of a codified statute as a tool of statutory construction. In the absence of any reference to the Oklahoma Surface Damages Act and in light of the different purposes of § 318.10 and the Act, § 318.10 should be construed and applied as a self-sufficient, free-standing statute **independent** of the surface damages regime. I would reverse the summary judgment and return this cause to the district court for further proceedings.

---

**6.** 2003 Okla. Sess. Laws, ch. 361. The measure contained three sections: Section 1 added a new section to be codified as Section 318.10 of Title 52; Section 2 set forth July 1, 2003 as the effective date; and Section 3 declared an emergency.