Dear Representative Morgan:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Did the legislative recodification of the statute previously numbered as 52 O.S.Supp. 2003, § 318.10[ 52-318.10] (see 2003 Okla. Sess. Laws ch. 361, § 1), to 52 O.S. Supp. 2008, § 320.1[52-320.1] (see 2006 Okla. Sess. Laws ch. 309, § 1), remove the statute from what is commonly referred to as the Oklahoma Surface Damages Act, 52 O.S. 2001 Supp. 2008, §§ 318.2 — 318.9 (see 1982 Okla. Sess. Laws ch. 341, §§ 1-8)?
 2. If so, do the restrictions on locating a habitable structure near an oil and gas well and related equipment in 52 O.S.Supp. 2008, § 320.1[52-320.1], apply to adjacent surface owners, or just owners of the surface lands on which an oil and gas well and related surface equipment is located?
Title 52 O.S.Supp. 2003, § 318.10[52-318.10] (see 2003 Okla. Sess. Laws ch. 361, § 1(A)) was enacted in 2003 to prevent a habitable structure from being located within 125 feet of the wellbore of an active oil and gas well and within 50 feet of any related surface equipment, unless the surface owner and oil and gas operator agreed otherwise in writing. Id.[1] *Page 2 
[EDITORS' NOTE: THIS PAGE CONTAINED FOOTNOTES.] *Page 3 
Section 318.10 was codified in the Oklahoma statutes following 52 O.S. 2001 Supp. 2008, §§ 318.2 — 318.9, which were originally enacted in 1982 (see 1982 Okla. Sess. Laws ch. 341,§§ 1 — 8), and has been commonly referred to as the Oklahoma Surface Damages Act. See, e.g. Lierly v.Tidewater Petroleum Corp., 139 P.3d 897, 903 (Okla. 2006); Turley v.Flag-Redfern Oil Co., 782 P.2d 130, 132 (Okla. 1989). The purpose of the Oklahoma Surface Damages Act is to promote prompt payment of compensation to surface owners whose land will be used for oil and gas operations.Tower Oil Gas Co. v. Paulk, 776 P.2d 1279, 1281 (Okla. 1989).
Recently, in a 5-4 decision, the Oklahoma Supreme Court found that Section 318.10 was part of the Oklahoma Surface Damages Act. YDF, Inc.v. Schlumar, Inc., 136 P.3d 656, 659 (Okla. 2006). The numeric placement of Section 318.10, at the end of the Oklahoma Surface Damages Act, following Sections 318.2 — 318.9, was key to the court's decision that the Legislature intended Section 318.10 to be part of the Oklahoma Surface Damages Act. Id. As a result of finding Section 318.10 was part of the Oklahoma Surface Damages Act, the court held the prohibition on the location of a habitable structure in Section 318.10 applied only to the owners of the surface lands on which an active oil and gas well was or would be located. The court found that because the purpose of the Oklahoma Surface Damages Act was to promote prompt compensation to surface owners whose land will be used for oil and gas operations, the prohibition against location of a habitable structure did not apply to adjacent surface owners. Id. Consequently, the court found a habitable structure could be constructed within 125 feet of an active oil well located on adjacent lands, despite the well operator's objection.Id.
Within days following the court's decision in Schlumar, the Legislature passed, and the Governor signed, legislation recodifying Section 318.10 to Section 320.1. See 2006 Okla. Sess. Laws ch. 309, § 1. Your questions seek to determine the effect of the recodification of 52 O.S.Supp. 2003, § 318.10[52-318.10] as 52 O.S.Supp. 2008, § 320.1[52-320.1].
In determining the effect of the recodification we must ascertain and give effect to legislative intent. Bronson Trailers Trucks v. Newman,139 P.3d 885, 890 (Okla. 2006). In recodifying the statute, the Legislature is presumed to be familiar with the judicial construction of the statute in the Schlumar case. See Special Indem. Fund v. Figgins,831 P.2d 1379, 1382 (Okla. 1992).
As pointed out by the dissent in Schlumar, this case was the first time the Oklahoma Supreme Court turned to the section number selected for codification purposes to ascertain legislative intent. Schlumar,136 P.3d at 660 (Taylor, J., dissenting). As a result, there are no guiding Oklahoma cases to determine the effect of a recodified statute following a judicial interpretation based on statutory numbering. The most analogous cases are those dealing with the Legislature's amendment of the language of a statute following judicial interpretation of the statute.
When amending a statute, the Legislature is generally considered to have intended to either clarify a doubtful statute or to change an existing law. Johnson v. City of Woodward, 38 P.3d 218, 223 (Okla. 2001) (citation omitted). The fact that almost immediately following the court's decision in Schlumar the Legislature recodified Section 318.10 to Section 320.1, so the statute would no longer *Page 4 
be placed numerically adjacent to the Oklahoma Surface Damages Act, indicates the Legislature's intent to effect a change so that the statute would not be part of the Oklahoma Surface Damages Act. It cannot be presumed the Legislature did not have an intended purpose in changing the numbering of the statute, as the Legislature will never be presumed to have done a vain and useless act. Curtis v. Bd. of Educ., 914 P.2d 656, 659
(Okla. 1995).
With the recodification of Section 318.10 to Section 320.1, there are now other statutes, unrelated to the Oklahoma Surface Damages Act, located between the Act and Section 320.1. These include 52 O.S. 2001, §§ 318.21[52-318.21] — 318.23, entitled the Seismic Exploration Regulation Act, and 52 O.S. 2001, § 320[52-320], defining "growing crops" for oil and gas operations purposes. Because Section 320.1 is no longer numerically adjacent to or a part of the Oklahoma Surface Damages Act, Section 320.1 must be interpreted on its own, as an independent statute. As such, Section 320.1 prohibits a habitable structure from being located within 125 feet of an active oil and gas well and within 50 feet of surface equipment necessary to the operation of an active oil and gas well, absent the written agreement of the operator and surface owner otherwise. The prohibition in Section 320.1 is no longer limited to owners of the surface lands on which an oil and gas well is located, but applies regardless of whether the habitable structure is located on the surface lands on which the oil and gas well is located, or on adjacent lands.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The legislative recodification of the statute previously numbered as 52 O.S.Supp. 2003, § 318.10[ 52-318.10] (see 2003 Okla. Sess. Laws ch. 361, § 1), to 52 O.S. Supp. 2008, § 320.1[52-320.1] (see 2006 Okla. Sess. Laws ch. 309, § 1), removed the statute from what is commonly referred to as the Oklahoma Surface Damages Act, 52 O.S. 2001 Supp. 2008, §§ 318.2 — 318.9 (see 1982 Okla. Sess. Laws ch. 341, §§ 1-8).
 2. Because 52 O.S.Supp. 2008, § 320.1[52-320.1] is no longer part of the Oklahoma Surface Damages Act, it must be read as an independent statute, prohibiting a habitable structure from being located within 125 feet of an active oil and gas well, or within 50 feet of surface equipment necessary to the operation of an active oil and gas well, absent the written *Page 5 agreement of the surface owner and the operator otherwise. The prohibition of a habitable structure in Section 320.1 applies regardless of whether the structure is located on the surface lands on which the oil and gas well is located, or on adjacent lands.
W. A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JANIS W. PRESLAR ASSISTANT ATTORNEY GENERAL
[1] Title 52 O.S.Supp. 2003, § 318.10[52-318.10] provided:
 A. After the effective date of this act, it shall be unlawful to locate any habitable structure within:
 1. A radius of one hundred twenty-five (125) feet from the wellbore of an active well; or
 2.A radius of fifty (50) feet from the center of any surface equipment or other equipment necessary for the operation of an active well, including, but not limited to, hydrocarbon and brine storage vessels, tanks, compressors, heaters, separators, deydrators, or any other related equipment.
 B.Provided, however, the provisions of this section shall not prohibit an operator and surface owner from agreeing in writing to setback provisions with distances different from those set forth in this section.
Id.