2010 OK CIV APP 78

**James LAWSON, d/b/a AAA Lawson–Sirmon Bail Bonds, LLC, Plaintiff/Appellant,**

**v.**

**Bruce CURNUTT, in his Official Capacity as Sheriff of LeFlore County, Oklahoma, and the LeFlore County Sheriff's Office, Bruce Curnutt, Sheriff, Defendants/Appellees.**

**No. 107,578.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 21, 2010.

Deborah A. Reheard, S. Stephen Barnes, Reheard Law Office, Eufaula, OK, for Plaintiff/Appellant,

Jeffery C. Smith, Office of the District Attorney, Poteau, OK, for Defendants/Appellees.

WM. C. HETHERINGTON, JR., Judge.

¶ 1 James Lawson, d/b/a AAA Lawson–Sirmon Bail Bonds, LLC, (Lawson), appeals by accelerated appeal process an August 27, 2009 Order which granted, in part, a motion to dismiss filed by Bruce Curnutt, in his official capacity as the Sheriff of LeFlore County, Oklahoma, and the LeFlore County Sheriff's Office, Bruce Curnutt, Sheriff (Sheriff). Lawson raises two issues: (1) whether the trial court erred in denying declaratory or injunctive relief[1] for Sheriff's violation of the Open Records Act, 51 O.S. 2001 § 24A.1, *et seq.*, by failing to allow inspection of bench warrant information,[2] and, (2) whether the trial court erred by finding Lawson's cause of action moot when requested bench warrant information was provided *after* suit was filed, as attachments to Sheriff's motion to dismiss. We affirm in part, reverse in part, and remand.

## BACKGROUND

¶ 2 Lawson is a licensed bail bondsmen who, on June 4, 2009, made two requests for bench warrant information on individuals for whom he had posted bond. His first request was made by phone, and a Sheriff's employee advised they could not give that information over the phone. Lawson then went in person to the Sheriff's office requesting the same information. The "dispatcher" advised Lawson there was an active warrant, but when

---

1. Lawson sought relief pursuant to 51 O.S.Supp. 2005 § 24A.17 (B):

    Any person denied access to records of a public body or public official:
    1. May bring a civil suit for declarative or injunctive relief, or both, but such civil suit shall be limited to records requested and denied prior to filing of the civil suit; and
    2. If successful, shall be entitled to reasonable attorney fees.

2. Law enforcement agencies are required to make available for public inspection, if such records are kept, "[d]isposition of all warrants, including orders signed by a judge of any court commanding a law enforcement officer to arrest a particular person." 51 O.S.Supp.2006 § 24A.8 (A)(6).

Lawson requested to inspect the warrant, he was advised to get a copy of the warrant from the court clerk's office. Lawson later returned to the Sheriff's office requesting to see information on another warrant. Sheriff Curnutt came to the dispatch area and advised Lawson he was not dealing with him anymore and denied his requests. The record indicates telephone requests by others for the same type of information were honored and the records Lawson requested were not a part of any law enforcement investigative file.

¶ 3 Lawson filed suit on June 8, 2009. On June 29th, Sheriff filed a motion to dismiss based upon a failure to state a claim for which relief could be granted and attached as an exhibit copies of certified mail postmarked June 26, 2009. The June 26, 2009 certified mail included photocopies of April 17, 2009 and June 1, 2009 bench warrants for the arrest for failure to appear for two of Lawson's clients, the information he had requested on June 4, 2009, but had failed to obtain prior to filing suit.

### STANDARD OF REVIEW

¶ 4 Appellate review of a trial court order dismissing a case for failure to state a claim upon which relief can be granted is *de novo*. *Fanning v. Brown*, 2004 OK 7, 85 P.3d 841. Reviewing a motion to dismiss to determine whether a petition is legally sufficient requires the appellate court to take as true all of the challenged pleading's allegations and all reasonable inferences which may be drawn from them. *Id.*

¶ 5 "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Frazier v. Bryan Memorial Hospital Authority*, 1989 OK 73, ¶ 13, 775 P.2d 281, 287. If relief is possible under any set of facts which can be established and is consistent with the allegations, a motion to dismiss should be denied. *Id.* The party moving for dismissal pursuant to 12 O.S.2001 § 2012(B)(6) has the burden to show the legal insufficiency of the petition. *Indiana National Bank v. State of Oklahoma, De-*

*partment of Human Services*, 1994 OK 98, 880 P.2d 371.

### ANALYSIS

¶ 6 Lawson requested a judgment: "[r]equiring the Defendant to allow Plaintiff a reasonable opportunity to view, inspect, copy or mechanically reproduce documents of the LeFlore County Sheriff's Office, LeFlore County, Oklahoma." He presents no argument that his request was not moot following the production of the warrants as attachments, at least to the extent he requested a mandamus order to produce these *particular* warrants. Section 24A.17 of Title 51 does not provide for future nonspecific, broad orders for compliance. To the extent this relief requests such an order for prospective compliance, the dismissal order below is AFFIRMED.

¶ 7 The crux of Lawson's argument is that his declarative claim was not mooted by Sheriff's production of the warrant information in the motion to dismiss. Lawson argues he was entitled to hearing and determination of declarative relief as stated in his relief request requesting a judgment:

Declaring the Open Records Policy as adopted by Bruce Curnutt in his official capacity as Sheriff of LeFlore County, Oklahoma and the LeFlore County Sheriff's Office, LeFlore County, Oklahoma, to be a violation of the Oklahoma Open Records Act as set out in Oklahoma statutes, Title 51 § 24 A. 1 et seq. and the said policy should be set aside and abolished.

This claim is a sufficiently stated cognizable claim for relief. The facts surrounding Lawson's requests and litigation timing are not in relevant dispute. The appeal issues therefore turn strictly on the language found in § 24A.8(A)(6) and § 24A.17(B) of the Oklahoma Open Records Act. Section 24A.8(A)(6) clearly provides "[l]aw enforcement agencies *shall* make available for public inspection, if kept," the records showing the "[d]isposition of all warrants, including orders signed by a Judge of any court commanding a law enforcement officer to arrest a particular person." (Emphasis added.)

Lawson made the requests pursuant to this statute and Sheriff did not honor them.

¶ 8 Lawson then brought civil suit for declarative and injunctive relief under § 24A.17(B)(1) which allows "[a]ny person denied access to records" to "bring a civil suit for declarative or injunctive relief, or both, but such civil suit shall be limited to records requested and denied prior to filing of the civil suit" and provides, if the party is successful, for reasonable attorney fees, § 24A.17(B)(2). The record clearly shows Lawson made his requests prior to filing civil suit and it is "well-settled" the statutory wording *shall* connotes a mandatory duty. *TIB Corporation v. Edmondson,* 1981 OK 76, ¶ 4, 630 P.2d 1296, 1297. The declarative issues were not mooted by the motion to dismiss attachments. Lawson is entitled to a trial on his declarative relief, Sheriff's defenses thereto, and determination of damages, plus an attorney fee if successful.

¶ 9 The order granting the motion to dismiss is AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

BUETTNER, P.J., and HANSEN, J., concur.