256 P.3d 79 (2011)
2011 OK CIV APP 50
K.W., a Minor Child, By and Through her Mother and Next Friend, M.W., Plaintiff/Appellant,
v.
INDEPENDENT SCHOOL DISTRICT NO. 12, EDMOND, OKLAHOMA, a/k/a Edmond Public Schools, Defendant/Appellee.
No. 107955. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Court of Civil Appeals of Oklahoma, Division No. 3.
January 7, 2011.
Rehearing Denied February 8, 2011.
Certiorari Denied April 11, 2011.
*80 Kayla A. Bower, Joy J. Turner, Oklahoma Disability Law Center, Inc., Oklahoma City, Oklahoma, for Appellant.
Stephanie J. Mather, Heather N. Hendricks, Laura Lyn Holmes, The Center for Education Law, Inc., Oklahoma City, Oklahoma, for Appellee.
LARRY JOPLIN, Judge.
¶ 1 Plaintiff/Appellant K.W., a minor child, by and through her mother and next friend, M.W. (Plaintiff) seeks review of the trial court's order granting the motion to dismiss of Defendant/Appellee Independent School District No. 12, Edmond, Oklahoma, a/k/a Edmond Public Schools (Defendant) in Plaintiff's action for a declaratory judgment. In this accelerated review proceeding, Plaintiff challenges the order of the trial court as affected by errors of both law and fact.
*81 ¶ 2 Plaintiff commenced the instant action for declaratory judgment in August 2009. Plaintiff alleged that she attended an elementary school within Defendant's school district, that Defendant constructed at the school a "seclusion and restraint" room into which Defendant placed children with disabilities, but that such treatment of disabled children violated state law and administrative rules governing the use of restraints and seclusion for the mentally ill. See, 43A O.S. §§ 1-101, et seq.; 43A O.S. §§ 5-501, et seq.; O.A.C. 340:100-3-1.2; O.A.C. 340:100-5-58. By amended petition, Plaintiff subsequently prayed for an adjudication that the provisions of Title 43A applied to Defendant, and an injunction restraining Defendant from using the "seclusion and restraint" room.
¶ 3 Defendant filed a motion to dismiss. Defendant asserted Plaintiff had stated no valid claim for relief, and that Plaintiff had not exhausted her administrative remedies under the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, et seq. Defendant also alleged K.W.'s parent requested a Special Education Due Process Hearing to address use of the "time out" room, that the parties "held a Resolution Session and reached a resolution of the special education due process case [without] a decision . . . on the merits of the case," and, that, at any rate, K.W. was not an enrolled student attending classes at any of Defendant's schools. So, said Defendant, Plaintiff was not entitled to injunctive or any other relief.
¶ 4 Plaintiff responded. Plaintiff alleged that, given the imminent, potential harm to K.W. from her seclusion by Defendant, and the systemic violation of Title 43A governing the treatment of the mentally ill, she was not required to exhaust administrative remedies, and an injunction could properly issue compelling Defendant to correct its deficiencies.
¶ 5 Upon consideration of the parties' submissions and arguments, the trial court granted Defendant's motion to dismiss. Plaintiff appeals, and the matter stands submitted for accelerated review on the trial court record.[1]
¶ 6 We first note Defendant has filed a motion to dismiss the instant appeal, again arguing the parties have settled the underlying controversy. Defendant asserts that the parties agreed to execute and file "a joint stipulation of dismissal as moot, dismissing th[is] case in the Oklahoma State Supreme Court, and vacating the District Court's decision in this case," but that Plaintiff has wholly failed and refused to execute the proposed order of dismissal. Plaintiff responds, arguing the parties' agreement did not settle the underlying question on the merits concerning the application of Title 43A to Defendant, and the parties are powerless to vacate the trial court's order of dismissal by agreement.
¶ 7 The complete agreement of the parties does not appear in the record. Plaintiff denies any agreement to settle the merits of the controversy concerning the application of Title 43A to Defendant. The Defendant's motion to dismiss the appeal, based on the parties' alleged settlement, is therefore denied.
¶ 8 "A petition can generally be dismissed only for lack of any cognizable legal theory or for insufficient facts under a cognizable legal theory." Miller v. Miller, 1998 OK 24, ¶ 15, 956 P.2d 887, 894. "The question, on a motion to dismiss, is whether, taking all of plaintiff's allegations as true, she is precluded from recovering as a matter of law." Estate of Hicks ex rel. Summers v. Urban East, Inc., 2004 OK 36, ¶ 5, 92 P.3d 88, 90. "A trial court's dismissal of an action for failure to state a claim is reviewed de novo." Id.
¶ 9 Where, on a motion to dismiss, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by the rules for summary judgment." 12 O.S. § 2012(B). "Summary relief issues stand before us for *82 de novo review[,] [and] [a]ll facts and inferences must be viewed in the light most favorable to the non-movant." Reeds v. Walker, 2006 OK 43, ¶ 9, 157 P.3d 100, 106-107. (Footnotes omitted.) "Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶ 11, 160 P.3d 959, 963-964. (Citations omitted.) "Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts." Id.
¶ 10 In the present case, both Plaintiff and Defendant submitted evidentiary materials in support of and opposition to dismissal. We accordingly view the Defendant's motion to dismiss as a motion for summary judgment.
¶ 11 "In determining whether a statute applies to a given set of facts, we focus on legislative intent which controls statutory interpretation." Tyler v. Shelter Mut. Ins. Co., 2008 OK 9, ¶ 12, 184 P.3d 496, 499-500. (Footnotes omitted.) "The fundamental rule of statutory construction is to ascertain and give effect to legislative intent, and that intent is first sought in the language of the statute." YDF, Inc. v. Schlumar, Inc., 2006 OK 32, ¶ 6, 136 P.3d 656, 658. (Citations omitted.) We may not expand the reach of a plainly worded statute. Toxic Waste Impact Group, Inc. v. Leavitt, 1988 OK 20, ¶ 10, 755 P.2d 626, 630.[2]
¶ 12 Plaintiff argued below that Defendant is, by definition under § 1-103(7) and (9), a "school" rendering "care and treatment" to K.W., a mentally ill person, and that Defendant is accordingly subject to the provisions of OMHL. So, said Plaintiff, because the OMHL, O.A.C. 340:100-3-1.2[3] and O.A.C. 340:100-5-58[4] expressly proscribe the use of restraints or seclusion for the treatment of the mentally ill, Defendant may not use the "time out" room. Defendant argued it was not a "facility" rendering "care and treatment" to the mentally ill, and therefore, neither Title 43A nor O.A.C. regulations applied to proscribe its use of the "time out" room.
¶ 13 Plaintiff's claims thus plainly stand or fall on the question of whether the provisions of Title 43A apply to Defendant. We must therefore examine the statutes to determine their reach.
¶ 14 In 1953, the Oklahoma Legislature created the Department of Mental Health, and placed all State institutions for the care and treatment of mentally ill and mentally retarded persons, under the control of the Department of Mental Health. Laws 1953, p. 152. Effective November 1, 1986, the Legislature renumbered the prior provisions, and enacted the Mental Health Law of 1986, 43A O.S. § 1-101, et seq. (OMHL). The OMHL establishes the Department of Mental Health and Substance Abuse Services for the provision of those services to residents of this State. 43A O.S. 2-101, et seq., Within the OMHL is found:
the "Unified Community Mental Health Services Act," 43A O.S. §§ 3-301, et seq.,
the "Oklahoma Alcohol and Drug Abuse Services Act," 43A O.S. §§ 3-401, et seq.,
the "Mental Hospital Voluntary Admission Procedures Act," 43A O.S. §§ 5-301, et seq., and

*83 the "Inpatient Mental Health and Substance Abuse Treatment of Minors Act," 43A O.S. §§ 5-501, et seq.
The OMHL also contains provisions:
governing narcotic treatment programs, 43A O.S. §§ 3-601, et seq.,
governing treatment of inmates of correctional facilities, 43A O.S. §§ 3-701, et seq.,
assuring the "humane care and treatment" of "[a]ll persons being treated at facilities within the Department of Mental Health and Substance Abuse Services," 43A O.S. §§ 4-101, et seq.,
prescribing the procedures for admission to a state facility, psychiatric hospital or private institution, 43A O.S. §§ 5-101, et seq.,
defining the rights of detained persons upon entry into facility, 43A O.S. §§ 5-201, et seq.,
prescribing the procedures for involuntary commitment, 43A O.S. §§ 5-410, et seq.,
providing for the care, treatment and transfer of non residents, 43A O.S. §§ 6-101, et seq., and
providing for provision of services after inpatient discharge, 43A O.S. §§ 7-101, et seq.
¶ 15 The stated purpose of OMHL is to "provide for the humane care and treatment of persons who: Are mentally ill; or Require treatment for drug or alcohol abuse." 43A O.S.2001 § 1-102. As a matter of specifically expressed public policy, OMHL "assures adequate treatment of persons alleged to be in need of mental health treatment or treatment for drug or alcohol abuse, to establish behavioral standards for determination of dangerousness of persons in need of such treatment, to allow for the use of the least restrictive alternative in the determination of the method of treatment, to provide orderly and reliable procedures for commitment of persons alleged to be in need of treatment consistent with due process of law, and to protect the rights of consumers hospitalized pursuant to law." 43A O.S. § 1-104.
¶ 16 The OMHL defines "facility" as "any hospital, school, building, house or retreat, authorized by law to have the care, treatment or custody of an individual with mental illness, or drug or alcohol dependency, gambling addiction, eating disorders, or an individual receiving methadone treatment for dependency purposes only, including, but not limited to, public or private hospitals, community mental health centers, clinics, satellites or facilities." 43A O.S. § 1-103(7). As the phrase is used in OMHL, "care and treatment means medical care and behavioral health services, as well as food, clothing and maintenance, furnished to a person." 43A O.S. § 1-103(9).
¶ 17 The Oklahoma Administrative Code, Title 340, Chapter 100 sets out the rules and regulations for the delivery of services by Oklahoma Department of Health, Developmental Disabilities Services Division, to clients within the system. See, O.A.C. 340:100-1-1, et seq. Both the OMHL and the Oklahoma Administrative Code grant to the Department of Health control over "any and all state institutions established for the care of the mentally ill and drugor alcoholdependent person," particularly, the "three State Institutions for the Mentally Retarded (the Northern Oklahoma Resource Center of Enid, the Southern Oklahoma Resource Center of Pauls Valley, and the Hissom Memorial Center at Sand Springs)," and more than twelve other community treatment facilities. 43A O.S. § 2-102; 43A O.S. §§ 3-101[5] et seq.; O.A.C. 340:100-1-3(a).
¶ 18 In this regard, we are absolutely convinced the OMHL does not apply to Defendant school. The term, "school," as used in the OMHL's definitions, plainly refers *84 to the three state "schools" at Enid, Pauls Valley and Sand Springs which are charged with the in-patient care, custody and treatment of the mentally ill. A public school is not charged with the in-patient care and treatment of mentally ill patients under the Oklahoma Mental Health Law as we read it.
¶ 19 We therefore hold Defendant is not subject to either Title 43A of the Oklahoma Mental Health Law, or Title 340 of the Oklahoma Administrative Code. The order of the trial court granting Defendant's motion to dismiss is AFFIRMED.
MITCHELL, P.J., and BUETTNER, J., concur.
NOTES
[1] See, Rules 4(m), 13(h), Rules for District Courts, 12 O.S. Supp.2002, Ch. 2, App., and Ok.S.Ct.R. 1.36, 12 O.S. Supp.2003, Ch. 15, App.
[2] ". . . . It is the duty of a court to give effect to legislative acts, not to amend, repeal or circumvent them, and a court is not justified in ignoring the plain words of a statute. Neither the Supreme Court nor a district court may expand the plain wording of a statute by construction where the legislature has expressed its intention in the statute as enacted. . . ." (Footnotes omitted.)
[3] "The Developmental Disabilities Services Division, in accordance with the mission statement and guiding principles given at OAC 340:100-1-3.1, promotes the full exercise of rights by persons served as citizens of their communities, state, and country. (1) Each person receiving services has the right to: . . . . (K) freedom from restraints; . . . ."
[4] ". . . . (c) Seclusion, defined as the placement of a person alone in a locked room, is prohibited.. . . (j) Use of exclusionary time out or time out rooms is prohibited, except by written permission of the director of the Developmental Disabilities Services Division (DDSD) for specific individuals residing at the Greer Center. . . ."
[5] "The facilities within the Department of Mental Health and Substance Abuse Services, which shall be maintained for residents of the state, are: 1. Griffin Memorial Hospital, Norman; 2. Oklahoma Forensic Center, Vinita; 3. Children's Recovery Center of Oklahoma, Norman; 4. Tulsa Center for Behavioral Health, Tulsa; 5. Carl Albert Community Mental Health Center, McAlester; 6. Jim Taliaferro Community Mental Health Center, Lawton; 7. Central Oklahoma Community Mental Health Center, Norman; 8. Bill Willis Community Mental Health and Substance Abuse Services Center, Tahlequah; 9. Northwest Center for Behavioral Health, Woodward; 10. Oklahoma County Crisis Intervention Center, Oklahoma City; 11. Norman Alcohol and Drug Treatment Center, Norman; and 12. Rose Rock Recovery Center, Vinita."