2002 OK 49

**Eugene SMITH, Appellant,**

v.

**The Honorable Mark A. MOORE, District Court Judge, Blaine County, Appellee.**

**No. 96,949.**

Supreme Court of Oklahoma.

June 11, 2002.

Eugene Smith, pro se.

WINCHESTER, J.

¶ 1 The appellant, Eugene Smith, a prisoner, filed an application for a writ of mandamus and requested pauper status so that court costs would be waived. The trial court issued an order dated September 24, 2001, which found that Smith had an income of $24.00 per month for "gang pay." The court then assessed $48.00 of court costs against Smith, citing *Foust v. Pearman*, 1992 OK 135, 850 P.2d 1047 as authority. Smith was otherwise allowed to proceed as a pauper. The order gave Smith the option of filing a dismissal in the action within twenty days, but if the dismissal was not filed, a lien would be placed on Smith's gang pay to collect $48.00 of court costs assessed against him.

¶ 2 We must initially determine a procedural issue, and that is whether the district court's order is appealable. This Court has appellate jurisdiction to review final orders, interlocutory orders appealable by right, and certified interlocutory orders. 12 O.S.2001, §§ 952, 953. *Page v. Sherman*, 1955 OK 328, ¶ 2, 290 P.2d 132, held:

> "An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

The order in the present case is not a final order because it does not conclude the litiga-

tion; it merely requires the payment of a filing fee. The wording of the order does not prevent the prisoner from proceeding further with the case, nor does it require him to wait until he has accumulated $48.00. Rather, the order imposes a lien on Smith's gang pay so that it would be paid to the court clerk by the prison facility as the pay became due. Because the order has no effect on the continuation of the district court case, the order is an interlocutory judicial action that is unreviewable in advance of judgment. *LCR, Inc. v. Linwood Properties,* 1996 OK 73, ¶ 16, 918 P.2d 1388, 1394.

¶ 3 Even though this case is not appealable, and this Court may properly dismiss it, the case presents the issue of the constitutional right of access to the courts.[1] The finding that an order is not appealable does not necessarily preclude review. This Court looks to the content and substance of an instrument filed in this Court rather than its title. *First Nat. Bank and Trust Co. of Ada v. Arles,* 1991 OK 78, ¶ 5, 816 P.2d 537, 539. The order denies waiver of the filing fee, and sets a lower fee and properly cites *Foust.*

¶ 4 Smith asserts that he had only $0.24 in his account at the time he petitioned for pauper status. He argues that the trial court abused its discretion, given the amount in his account, by failing to follow the guidelines in 12 O.S.2001, § 2003.1 and denying Smith pauper status. The *Foust* case, which was cited as authority in the trial court's order, addressed the issue of whether a prisoner's savings and draw accounts are subject to assessment for filing fees in court cases. The prisoner in that case sought writs of prohibition and mandamus by an original action to permit him to file his suit in forma pauperis. Because we look to the content and substance of an instrument, we recast this cause as an original proceeding for a prerogative writ.

¶ 5 *Foust,* 1992 OK 135, ¶ 6, 850 P.2d at 1049, concluded that when read together, 28 O.S.2001, § 152(E)[2] and 57 O.S.2001, § 565[3] give the courts discretion to require partial payment of the fee. After *Foust* was handed down the legislature enacted 12 O.S. 2001, § 2003.1(C)[4], which provides that leave to proceed as a pauper may be denied if the value of the money and securities in a prison-

1. Article 2, § 6 of the Constitution of the State of Oklahoma provides: "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

2. We cite the current statutes. The Court in *Foust* cited 28 O.S.1991, § 152, and 57 O.S. 1991, § 565.

3. 28 O.S.2001, § 152(E) provides: "In any case in which a litigant claims to have a just cause of action and that, by reason of poverty, the litigant is unable to pay the fees and costs provided for in this section and is financially unable to employ counsel, upon the filing of an affidavit in forma pauperis executed before any officer authorized by law to administer oaths to that effect and upon satisfactory showing to the court that the litigant has no means and is, therefore, unable to pay the applicable fees and costs and to employ counsel, no fees or costs shall be required. The opposing party or parties may file with the court clerk of the court having jurisdiction of the cause an affidavit similarly executed contradicting the allegation of poverty. In all such cases, the court shall promptly set for hearing the determination of eligibility to litigate without payment of fees or costs. Until a final order is entered determining that the affiant is ineligible, the clerk shall permit the affiant to litigate without payment of fees or costs. Any litigant executing a false affidavit or counter affidavit pursuant to the provisions of this section shall be guilty of perjury."

57 O.S.2001, § 565 provides: "In determining whether or not an inmate shall be allowed to use an affidavit in forma pauperis, the court shall consider the amount of funds an inmate has on deposit with the Department of Corrections."

4. Title 12 O.S.2001, § 2003.1(C) provides: "In all cases in which the petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed in forma pauperis, in addition to the proof of poverty required by subsection C of Section 152 of Title 28 of the Oklahoma Statutes, the inmate shall submit a certificate executed by an authorized officer of the institution in which the inmate is confined stating the amount of money or securities on deposit to the inmate's credit in any account in the institution. The certificate may be considered by the court in acting on the motion for leave to proceed in forma pauperis. In the absence of exceptional circumstances, leave to proceed in forma pauperis may be denied if the value of the money and securities in petitioner's, movant's, or plaintiff's institutional account exceeds Two Hundred Dollars ($200.00)."

er's institutional account exceeds $200.00. We construe this statute as a guide for the courts in refusing pauper status to prisoners who have institutional accounts exceeding $200.00, not as a prohibition against requiring prisoners to pay partial fees when their accounts have $200.00 or less.

¶ 6 *Foust* held that a court in exercising its discretion when determining a proper partial fee, may consider present account balances of the prisoner, monthly income, other assets, and whether any funds are withdrawn to avoid payment of a statutory fee or partial fee. *Foust*, 1992 OK 135, ¶ 8, 850 P.2d at 1049–1050. This Court issued writs of mandamus and prohibition in *Foust* to the district court forbidding the assessment of a filing fee equal to all of the prisoner's funds. *Foust*, 1992 OK 135, ¶ 9, 850 P.2d at 1050. But *Foust* did not limit the courts to consideration of the amount in the prisoner's trust account only at the time of filing. Because the courts have the authority to examine all potential sources of funding belonging to the prisoner, we conclude that the courts may also assess future balances until the partial fees are paid. The ability of the courts to require partial payment of fees serves the purpose of compelling a prisoner to weigh the validity of a lawsuit against the cost of pursuing it. *Cumbey v. State*, 1985 OK 36, ¶ 5, 699 P.2d 1094, 1096.

¶ 7 The general rule for a prerogative writ to issue is that the party seeking the writ must have a clear legal right to the relief sought and the respondent must have a plain legal duty in which the exercise of discretion is not implicated; and it may be issued only in situations where there is no plain and adequate remedy in the ordinary course of the law. *Oklahoma Gas & Electric v. District Court*, 1989 OK 158, ¶ 8, 784 P.2d 61, 63. The amount of the partial filing fee is within the discretion of the trial court. The clear legal duty is that the court may not order a partial filing fee equal to all of Smith's funds. Accordingly, the trial court has the authority to order that Smith pay partial filing fees and to make such further

orders as necessary to collect those fees.[5] However, the court does not have the authority to order payment of a partial filing fee in any month that will completely deplete Smith's account.

¶ 8 We issue the writs of mandamus and prohibition to the extent that the district court shall not require a filing fee equal to all of Smith's funds. The district court shall determine the amount of the filing fee consistent with the guidelines found in *Foust* and the instructions in this opinion. That court shall also allow Smith an opportunity to object to the filing fee as so determined.

WRITS OF PROHIBITION AND MANDAMUS GRANTED IN PART AND DENIED IN PART, WITH INSTRUCTIONS.

CONCUR: HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, SUMMERS, BOUDREAU, JJ.

OPALA, J., dissenting, I dissent for the reasons expressed by KAUGER, J. in her dissent.

KAUGER, J., dissenting for reasons expressed in *Mahorney v. Moore*, 2002 OK 39, 50 P.3d 1128.

---

5. Although there is no specific statutory authority for describing the trial court's orders as liens on Smith's account, a court has the common law authority to issue orders to assure compliance with a previous order of the court.