2015 OK CIV APP 74
**VETERAN EXPLORATION & PRODUCTION, LLC,**
**Plaintiff/Appellee,**

v.

**Dorothy McCRAW a/k/a Dorothy Meyers, individually, and as Trustee of the Dorothy M. Meyers Revocable Trust, Defendants/Appellants.**

**No. 112,542.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 4, 2015.

Lee I. Levinson, William H. Huffman, Terence P. Brennan, Trevor R. Henson, Levinson, Smith & Huffman, P.C., Tulsa, OK, for Plaintiff/Appellee Jessie V. Pilgrim.

Pilgrim Law Firm, Tulsa, OK, for Defendants/Appellants.

JANE P. WISEMAN, Judge.

¶1 Dorothy Meyers McCraw, individually and as Trustee of the Dorothy M. Meyers Revocable Trust, appeals a trial court order granting the motion to pay appraisers' award into court filed by Veteran Exploration & Production, LLC. After review, we conclude the order which is the subject of this appeal is not a final order, and we' dismiss this appeal as premature and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Veteran filed a petition for appointment of appraisers on June 4, 2012. Veteran alleged it "is engaged in the business of drilling, completing and operating oil and gas wells within the State of Oklahoma ... and will serve as operator in the drilling and completion of an oil and/or gas well ... located in the NE4 of Section 25–14N–9E Creek County, Oklahoma [ (Property) ]." McCraw "is the record undivided surface owner of Property." Veteran "owns an oil and gas leasehold interest in and to minerals in a drilling and spacing unit underlying the Property and lands adjoining the Property" and has "the right to enter the Property for the purpose of conducting oil and gas drilling operations." Veteran alleged that before filing its petition, (1) it gave McCraw notice by certified mail of its intent to drill on Property, and (2) it "entered into good faith negotiations with [McCraw] to settle surface damages but [was] unable to reach a written agreement."

¶3 On November 18, 2013, three appraisers filed a Report of Appraisers in the case stating they had inspected the property at issue in this action consisting of 462.72 acres of McCraw's surface estate. The appraisers found that 2.6 acres of McCraw's surface estate are to be used for the Michigan No. 1 and Michigan No. 2 wells, that the fair market value of McCraw's surface estate before the oil and gas operations was $693,330, and that the fair market value, taking into account the drilling, operations, and maintenance of the oil and gas production for the Michigan No. 1 and Michigan No. 2 wells, is $685,330. The appraisers found the diminution resulting from drilling and operating the wells to be $8,000. The Report is signed by three appraisers and dated November 5, 2013. An Appraisers' Statement of Fees and Expenses was also filed on November 18, 2013.

¶4 On January 30, 2014, when it filed a Motion to Pay Appraisers' Award into Court, Veteran alleged that pursuant to 52 O.S. § 318.5(F), the Appraisers' Report filed on November 18, 2013, "may be reviewed by the Court, upon written exception, 'within thirty (30) days after the filing of the report.' " According to Veteran's motion, McCraw did not file an exception with the trial court and McCraw has not filed a demand for jury trial. Pursuant to 52 O.S. § 318.5(F), a demand for jury trial must be filed within 60 days from the date the Appraisers' Report is filed. Veteran asked the court to allow it to pay the $8,000 the appraisers found as compensation owed McCraw into court for any damage resulting from drilling oil and gas wells on her property.

¶5 Also on January 30, 2014, the court entered an order granting Veteran's motion. On February 6, 2014, McCraw filed a petition in error asserting it did not receive the statutorily required notice when the Report of Appraisers was filed.

## STANDARD OF REVIEW

¶6 Before we can consider McCraw's claim of error in allowing Veteran to pay the appraisers' award into court when the court clerk did not give notice to McCraw that the Appraisers' Report had been filed, we must determine whether McCraw's appeal is premature. This presents a question of law. "Issues of law are reviewed *de novo* since an appellate court has plenary, independent and non-deferential authority to reexamine a trial court's legal rulings." *K & H Well Serv., Inc. v. Tcina, Inc.*, 2002 OK 62, ¶9, 51 P.3d 1219.

## ANALYSIS

¶ 7 This action was brought under the Surface Damages Act, 52 O.S.2011 and Supp. 2014 §§ 318.2—318.9. The appraisers filed their Report on November 18, 2013. Title 52 O.S.2011 § 318.5(D) requires notice to be given to the parties and their attorneys within ten days after the Report is filed:

Within ten (10) days after the report of the appraisers is filed, the clerk of the court shall forward to each attorney of record, each party, and interested party of record, a copy of the report of the appraisers and a notice stating the time limits for filing an exception or a demand for jury trial as provided for in this section. The operator shall provide the clerk of the court with the names and last-known addresses of the parties to whom the notice and report shall be mailed, sufficient copies of the notice and report to be mailed, and pre-addressed, postage-paid envelopes.

1. This notice shall be on a form prepared by the Administrative Director of the Courts, approved by the Oklahoma Supreme Court, and supplied to all district court clerks.

2. If a party has been served by publication, the clerk shall forward a copy of the report of the appraisers and the notice of time limits for filing either an exception or a demand for jury trial to the last-known mailing address of each party, if any, and shall cause a copy of the notice of time limits to be published in one issue of a newspaper qualified to publish legal notices as provided in Section 106 of Title 25 of the Oklahoma Statutes.

3. After issuing the notice provided herein, the clerk shall endorse on the notice form filed in the case the date that a copy of the report and the notice form was forwarded to each attorney of record, each party, and each interested party of record, or the date the notice was published.

The procedural requirements of the Surface Damages Act are mandatory. *Ward Petroleum Corp. v. Stewart*, 2003 OK 11, ¶ 8, 64 P.3d 1113. There is no dispute that the court clerk was required to forward a copy of the appraisers' report to McCraw and her attorney of record and to document doing so

in the file. Nothing in the record indicates the court clerk did so—there is no such entry on the appearance docket sheet, nor is there any filing in the court file showing compliance with this statutory mandate as required by 318.5(D)(3).

¶ 8 McCraw argues that fault should not be found with the court clerk for failing to give the requisite notice when this administrative act is dependent on Veteran's compliance with its statutory duty in 318.5(D) of the Act to provide the court clerk with "the names and last-known addresses of the parties to whom the notice and report shall be mailed, sufficient copies of the notice and report to be mailed, and pre-addressed, postage-paid envelopes." 52 O.S.2011 318.5(D). The record is also silent on Veteran's compliance with this obligation.

¶ 9 Title 52 O.S.2011 318.5(E) provides, "The time for filing an exception to the report or a demand for jury trial shall be calculated as commencing from the date the report of the appraisers is filed with the court." Subsection E clearly contemplates cases in which the clerk fails to give notice as required by statute. It further provides that, if the clerk fails to give notice within ten days, "the court, upon application by any interested party, may extend the time for filing an exception to the report or filing a demand for trial by jury for a reasonable period of time not less than twenty (20) days from the date the application is heard by the court." *Id.*

¶ 10 Notice of the filing of the Report is critical because that filing triggers the time periods in which a landowner may challenge the Report. Section 318.5(F) provides:

*The report of the appraisers may be reviewed by the court, upon written exceptions filed with the court by either party within thirty (30) days after the filing of the report.* After the hearing the court shall enter the appropriate order either by confirmation, rejection, modification, or order of a new appraisal for good cause shown. Provided, that in the event a new appraisal is ordered, the operator shall have continuing right of entry subject to the continuance of the bond required here-

in. *Either party may, within sixty (60) days after the filing of such report, file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury.* The trial shall be conducted and judgment entered in the same manner as railroad condemnation actions tried in the court. A copy of the final judgment shall be forwarded to the county assessor in the county or counties in which the property is located. If the party demanding the jury trial does not recover a more favorable verdict than the assessment award of the appraisers, all court costs including reasonable attorney fees shall be assessed against the party.

52 O.S.2011 318.5(F) (emphasis added). Without notice of the filing of the Report, a landowner might well miss the times to file an exception or request for jury trial. The time in which to file an application, however, can be extended pursuant to 52 O.S.2011 318.5(E), when the court clerk fails to provide the required statutory notice.

¶ 11 The question before us is whether McCraw could appeal without having filed an application with the trial court to extend the time for filing an exception or a demand for trial by jury. "We have appellate jurisdiction to review only final orders, certified interlocutory orders, and interlocutory orders appealable by right." *State ex rel. Dep't of Transp. v. Teal,* 2010 OK CIV APP 64, ¶ 17, 238 P.3d 947 (citing *Smith v. Moore,* 2002 OK 49, ¶ 2, 50 P.3d 215; 12 O.S.2001 952 [1]). Veteran argues that there is no final order from which McCraw could appeal, and we agree.

¶ 12 The Surface Damages Act contains the following regarding orders from which a party may appeal. Title 52 O.S.2011 318.6, provides in part:

Any aggrieved party may appeal from the decision of the court on exceptions to the report of the appraisers or the verdict rendered upon jury trial. Such appeal shall not serve to delay the prosecution of the work on the premises in question if the award of the appraisers or jury has been

deposited with the clerk for the use and benefit of the surface owner. In case of review or appeal, a certified copy of the final order or judgment shall be transmitted by the clerk to the appropriate county clerk to be filed and recorded.

The trial court has not addressed or rendered any decision on any exception nor has there been a verdict after jury trial. Under the circumstances presented, we conclude this is not an appealable order under the Surface Damages Act.

¶ 13 There is also no "order that discharges, vacates or modifies or refuses to vacate or modify a provisional remedy which affects the substantial rights of a party; or grants, refuses, vacates, modifies or refuses to vacate or modify an injunction; grants or refuses a new trial; or vacates or refuses to vacate a final judgment." 12 O.S.2011 952(b)(2). McCraw also did not seek to vacate or modify the trial court's decision regarding the motion to pay the appraisers' award into court. *Id.* And, McCraw did not seek to certify the order for immediate appeal. 12 O.S.2011 952(b)(3). Consequently, the order from which McCraw seeks to appeal does not fit into any of the categories from which a party may seek appellate relief.

¶ 14 In the absence of an appealable order, this appeal is premature and subject to dismissal. We dismiss this appeal and remand the case to the trial court for further proceedings. On remand, McCraw must be allowed to file an application with the trial court to extend the time to file an exception to the Appraisers' Report or a demand for jury trial pursuant to 52 O.S.2011 318.5(E). This will provide the trial court the opportunity to address any due process implications arising from any failure by Veteran to provide copies of the Notice and Report with appropriate envelopes to the court clerk for mailing and/or any failure by the court clerk to give McCraw and her attorney statutory notice of the filing of the Appraisers' Report. The order to pay appraisers' award into court remains subject to the trial court's review, if necessary, after its disposition of McCraw's application to extend the time to file an exception to the Appraisers' Report or

---

1. Title 12 O.S. 952 has remained unchanged.

to file a demand for jury trial. 52 O.S.2011 318.5(F).

## CONCLUSION

¶ 15 There is no final or appealable order in this case. There is also no order relating to the discharge, vacation, or modification of a provisional remedy, or an injunction. McCraw did not file a motion to vacate or motion for new trial, and the trial court did not certify any order for immediate appeal. We conclude McCraw's appeal is premature. This appeal is dismissed, and the case is remanded for further proceedings in accordance with this Opinion.

¶ 16 **DISMISSED AND REMANDED.**

GOODMAN, V.C.J., and FISCHER, P.J., concur.